UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EXECUTIVE RISK INDEMNITY INC.,                  :
                                                :   Case No. 08 CV 1822
                        Plaintiff,              :   Hon. Denise Cote
                                                :
        -against-                               :
                                                :
WESTPORT INSURANCE CORPORATION,                 :
                                                :
                        Defendant.              :
------------------------------------------------------------------X

# DEFENDANT WESTPORT INSURANCE CORPORATION'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY

## Table of Contents

                                                                              **Page**

INTRODUCTION..................................................................................................1

STATMENT OF FACTS.......................................................................................3

ARGUMENT.........................................................................................................8

      I.     THE COURT IS AUTHORIZED TO STAY THIS ACTION.......................9

      II.    THE APPLICABLE FACTORS WEIGH IN FAVOR OF AN
              EXERCISE OF DISCRETION TO STAY THESE PROCEEDINGS...........10

REQUEST FOR RELIEF....................................................................................14

# Table of Authorities

**Cases**                                                                                                    **Page(s)**

*Adam v. Jacobs*,
   950 F.2d 89 (2nd Cir. 1991)..................................................................................9

*Allstate Ins. Co. v. State of New York*,
   152 Misc.2d 869 (N.Y.Ct.Cl. 1991)....................................................................11

*Brillhart v. Excess Ins. Co. of America*,
   316 U.S. 491 (1942)..........................................................................................10

*Citibank v. Walker*,
   12 A.D.3d 480 (N.Y.A.D. 2nd Dept. 2004)........................................................11

*Coltec Industries Inc. v. Continental Ins, Co.*,
   No. 04-5718, 2005 WL 126951 (E.D.Pa. May 11, 2005)..............................11,13

*Fireman's Fund Ins. Co. v. Chris-Craft Industries Inc.*,
   932 F.Supp. 618 (S.D.N.Y. 1996)...................................................................10,13

*Lander v. Hartford Life & Annuity Ins. Co.*,
   251 F.3d 101 (2nd Cir. 2001)............................................................................12

*Nat. Union Fire Ins. Co. v. Turbi De Anguistia*,
   No. 05-2068, 2005 WL 2044930 (S.D.N.Y. Aug. 23 2005, Cote, J.)............12-13

*Nat. Union Fire Ins. Co. v. Warrantech Corp.*,
   No. 00-5007, 2001 WL 194903 (S.D.N.Y. Feb. 27, 2001)............................12-13

*Reliance Ins. Co. of Ill. v. Multi-Financial Securities Corp.*,
   No. 94 Civ. 6971, 1996 WL 61763 (S.D.N.Y. Feb. 13, 1996)........................10,12

*Semmes Motors, Inc. v. Ford Motor Co.*,
   429 F.2d 1197 (2nd Cir. 1970)............................................................................9

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).......................................................................................9-13

## INTRODUCTION

Defendant, Westport Insurance Corporation ("Westport"), by its attorneys, hereby moves this Court to stay all proceedings in this action, including but not limited to responsive pleadings, discovery and pre-trial scheduling, until resolution of an earlier filed, competing declaratory judgment action which was filed by the *same* Plaintiff, Executive Risk Indemnity Inc. ("Executive Risk") against Westport in New York state court. This federal court action should be stayed in the interest of judicial economy and to avoid the risk of conflicting results because this Court will be asked to decide identical key issues of law and fact that are currently before the Supreme Court of the State of New York in a competing lawsuit that Plaintiff Executive Risk filed against Westport and others in 2005, which is significantly advanced and which remains pending (the "state court action").

These are complex insurance coverage matters which involve complicated, multi-million dollar claims ("the underlying claims") against the law firm Pepper Hamilton LLP ("Pepper") which were tendered under multiple years of professional liability insurance policies issued by four different carriers. In this federal court action, Executive Risk seeks a declaration that the underlying claims are covered by a primary policy of insurance issued by Westport to Pepper for the period 2001-2002. Executive Risk also seeks to recover from Westport monies paid by Executive Risk in respect of the underlying claims under its own insurance policy issued to Pepper.

In the state court action, Executive Risk sued Westport, Pepper and Pepper's law partner Roderick Gagne and sought a declaration that the same Executive Risk policies do not provide coverage for the same underlying claims on the basis that the claims are covered by policies issued by other insurers during an earlier time period, including the same Westport 2001-2002

primary policy at issue here, or, in the alternative, that the underlying claims are barred by a prior knowledge exclusion in Executive Risk's policy. Thus, this action and the state court action involve the same parties, arise from the same set of facts and encompass the same issues of insurance coverage for the same claims under the same insurance policies. Moreover, the state court action was filed nearly two and a half years ago and that court has already made significant rulings on the pertinent issues. The state court granted summary judgment to various of the insurer parties which decision is now on appeal to the Appellate Division of the Supreme Court of the State of New York, First Department.

To allow this action to go forward in light of the identity of parties and legal and factual issues in the state court action, given the significant progress already made in the state court action, would be a waste of judicial resources and could result in inconsistent decisions on the same issue. Therefore, this Court should stay this action pending a resolution of the state court action.

## STATEMENT OF FACTS

The 2005 State Court Action

Executive Risk filed the state court action on October 12, 2005 which named Westport, Pepper, and Gagné as defendants. (Complaint styled *Executive Risk Indemnity, Inc. v. Pepper Hamilton LLP, W. Roderick Gagne and Westport Insurance Corporation*, Index No. 603624/2005, Supreme Court of the State of New York, New York County, attached hereto as Exhibit 1.) The state court action sought a declaration that Executive Risk had no duty to provide coverage under its insurance policies for the underlying claims which arose out of an alleged securities fraud scheme perpetrated by a company called Student Finance Corporation ("SFC"), a former client of Pepper and Gagné. (Ex. 1, ¶ 1-2). The basis for Executive Risk's

argument in the state court action was that the underlying claims are covered by policies issued by other insurers during an earlier time period, including the Westport 2001-2002 primary policy, or, in the alternative, that the underlying claims are barred by a prior knowledge exclusion in Executive Risk's policy. (*Id.*)

The state court action initially was stayed pending resolution of the underlying claims and the case remained inactive until January 2007. In January 2007, Pepper and Gagné filed a counterclaim against Executive Risk for breach of contract and also filed a cross-claim against Westport. (Exhibit 3). In its cross-claim, Pepper sought a declaration that Westport is obligated to defend and indemnify Pepper with respect to the underlying claims under Westport's 2003-2004 Policy, or in the alternative, under Westport's 2001-2002 policy. (*Id.* at ¶ 56(d)).

In addition, Pepper commenced a third-party action against two other of its insurers, Continental Casualty Company ("CNA") and Twin City Fire Insurance Company ("Hartford"), which sought a declaration that these carriers also had an obligation to defend and indemnify Pepper for the underlying claims. (Exhibit 4). Hartford counterclaimed for a declaration that it was not obligated to provide coverage and CNA filed a counterclaim seeking rescission. (See, Exhibits 5 and 6, respectively). Pepper filed its replies to Hartford's and CNA's counterclaims in June and July 2007 respectively. (See, Exhibits 7 and 8).

The state court action involves three successive policy periods - Westport issued primary policies in each period. The first Westport policy (the "Year 1 Policy") incepted on April 27, 2001 and expired on October 27, 2002. The second Westport policy (the "Year 2 Policy") had a policy period of October 27, 2002 to October 27, 2003. The third Westport policy (the "Year 3 Policy") had a policy period of October 27, 2003 to October 27, 2004. Thus, one of the key issues in this matter is one of timing: assuming *arguendo* that the claims against Pepper are

covered at all, the court must decide which of these multiple policy periods, if any, potentially bears responsibility for the claims (subject, of course, to the terms, conditions and exclusions of the triggered policy). In the event Pepper's knowledge is determined to pre-date the inception of Westport's first policy, then it is possible that none of Westport's policies will be triggered by the underlying claims.

Not surprisingly, Executive Risk argued in the state court action that the claims should be deemed to fall within a period when Executive Risk did not insure Pepper. Executive Risk issued excess coverage only during Year 2 and Year 3, and Executive Risk argued that the claims should be deemed to have arisen in Year 1. Pepper and Gagné's cross-claim against Westport sought a declaration that the underlying claims triggered the Year 3 Westport Policy or, alternatively (and similarly to Executive Risk), the Year 1 Westport Policy. (Ex. 3 at ¶56 (d)).

The parties commenced discovery in the state court action in 2007; written discovery requests were exchanged and limited documents were produced. No depositions had been taken. Before discovery was completed, Executive Risk moved for summary judgment. (Exhibit 9). CNA and Hartford then cross-moved for summary judgment. (Exhibits 10 and 11, respectively).

Executive Risk's motion asserted that it was entitled to summary judgment because the underlying claims constituted a claim made during Year 1 (i.e., prior to the inception of Executive Risk's coverage) because Pepper allegedly had provided notice of a potential claim that it first became aware of during Year 1. (Ex. 9 at 4-5, 24-25). Executive Risk moved for summary judgment on the additional basis that coverage for the underlying claims is barred under prior knowledge exclusions incorporated into the Executive Risk policies. (Ex. 9 at 1-4, 15-23).

Westport and Pepper opposed Executive Risk's summary judgment motion. (Exhibit 12). Westport opposed the motion as to Executive Risk's alternative argument that the claim should be deemed made during Year 1 on the basis that the existence of factual questions precluded summary judgment, and accordingly Westport contended that Executive Risk's motion should be denied as premature. (*Id.*).

The trial court granted Executive Risk's summary judgment motion, finding that the prior knowledge exclusion contained in the Executive Risk Year 3 policy barred coverage for the underlying claims under that policy.[1] (Exhibit 13, at 21-22). The trial court did not rule on Executive Risk's alternative argument that the underlying claim triggered Year 1. (Ex. 13 at 16, n.1). The trial court thus dismissed Pepper's counterclaims against Executive Risk. (Ex. 13 at 22). However, the court ruled that Pepper's cross-claim against Westport, regarding Pepper's assertion that the underlying claims are covered by either Westport's Year 1 policy or its Year 3 Policy, is severed and shall continue. (Ex. 13 at 22).

Pepper filed an appeal of the trial court order which granted summary judgment to the excess insurers on January 28, 2008. (Exhibit 14). Pepper seeks a reversal of the trial court's grant of summary judgment in favor of the excess carriers. Westport also filed a Notice of Appeal and a Notice of Cross-Appeal. (Exhibits 15-16). The carriers' appellate briefs in respect of Pepper's appeal are due to be filed on March 10, 2008.

The 2008 Federal Court Action

Executive Risk filed this second lawsuit, which names only Westport as a defendant, on January 23, 2008 in the Supreme Court for the State of New York, New York County. Westport removed the suit to this Court on February 22, 2008. (Complaint, attached as Exhibit 2). In this second action, Executive Risk seeks a declaration virtually identical to the declaration it sought

---

[1] The trial court also granted Hartford's and CNA's motions for summary judgment. (Ex. 13 at 22).

in the state court action, that the same underlying claims at issue in the state court action are covered by Westport's same Year 1 policy at issue in the state court action because the claims were deemed first made during the period of that policy. Executive Risk also seeks indemnification from Westport for $10 million "advanced" to Pepper by Executive Risk under its Year 3 policy "to assist Pepper in funding its settlement of the underlying [claims]." (Ex. 2 at ¶ 3, 44). Executive Risk also seeks to recover the $10 million from Westport on the basis that Westport purportedly has been unjustly enriched by the advancement of funds by Executive Risk because it alleges that Westport should have paid this money under its Year 1 policy. (*Id.* at ¶ 4).

This federal court action involves the same factual allegations, Westport policy provisions and coverage arguments raised by Executive Risk in the state court action. For instance, paragraphs 9-18 of each Complaint allege substantially the same facts regarding the insurance policies issued to Pepper during the same time period. Each Complaint also cites to the same provisions of the same Westport policies (See, Ex. 1, ¶ 22-27 and Ex. 2, ¶ 17-20). In addition, each Complaint sets forth the same allegations regarding Pepper's representation of SFC. (See, Ex. 1, ¶ 29-38 and Ex. 2, ¶ 21-35). Finally, Count I of both Complaints sets forth nearly identical allegations to the effect that the identical underlying claims fall within the Year 1 Westport policy and thus do not trigger any Executive Risk policy.

## ARGUMENT

The primary allegation upon which Executive Risk seeks relief in this action, that Westport is obligated to provide coverage for the underlying claims under its Year 1 policy, is precisely the same issue currently being litigated in the state court action. Moreover, Executive Risk's claims for indemnity and unjust enrichment are predicated on the threshold issue of whether Executive Risk's Year 3 Policy provides coverage for the underlying claims, an issue

which has already been decided by the state court and which is currently on appeal. Because the issues raised by this federal court action are the identical issues that have already been decided or are under consideration in the state court action, this Court should stay these proceedings in deference to the state court action.

I.  THE COURT IS AUTHORIZED TO STAY THIS ACTION

The decision to stay an action in favor of a previously-filed action is within the sound discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995)(discretionary standard, rather than exceptional circumstances test, governs district court's decision to stay declaratory judgment action during parallel state court proceedings); *Adam v. Jacobs*, 950 F.2d 89, 92 (2nd Cir. 1991)(the district court judge has discretion to stay a later filed action which is substantially similar to an earlier filed action). Generally, the earlier-filed action should be given deference because of considerations of judicial administration and conservation of resources. *Adam v. Jacobs,* 950 F.2d 89, 92 (2nd Cir. 1991). The Second Circuit is wary of duplicative lawsuits involving the same issues filed by the same plaintiff. See, *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202-03 (2nd Cir. 1970). The Second Circuit explained as follows:

> [A]ny exception for cases where the same party is plaintiff in both actions would entail the danger that plaintiffs may engage in forum shopping or, more accurately, judge shopping. When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district.

*Id.* at 1203.

Here, Executive Risk filed the state court action two and a half years ago and then filed this action while the state court action remains pending. Both actions involve the same issues of Westport's and Executive Risk's coverage obligations for the underlying claims against Pepper

7

under the same policies. This Court unquestionably has discretion to stay this action because the state court action involves the same issues and the same parties as this matter, was filed first, and is far more advanced than this action in which no litigation activity has commenced.

### II. THE APPLICABLE FACTORS WEIGH IN FAVOR OF AN EXERCISE OF THE COURT'S DISCRETION TO STAY THESE PROCEEDINGS

In *Brillhart v. Excess Ins. Co. of America,* the United States Supreme Court set forth certain factors that a district court should consider in determining whether to exercise discretion to stay a federal court declaratory judgment action in favor of a pending state court suit. 316 U.S. 491, 494-95 (1942). These factors were expanded by the Supreme Court in *Wilton* to include the following:

> (1) the scope of the pending state proceeding and nature of defenses available there;
> (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding;
> (3) whether necessary parties have been joined;
> (4) whether such parties are amenable to process in that proceeding;
> (5) avoiding duplicative proceedings; and,
> (6) forum shopping.

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Fireman's Fund Ins. Co. v. Chris-Craft Industries Inc.*, 932 F.Supp. 618, 620-21 (S.D.N.Y. 1996); *Reliance Ins. Co. of Ill. v. Multi-Financial Securities Corp.*, No. 94 Civ. 6971, 1996 WL 61763 (S.D.N.Y. Feb. 13, 1996). The *Wilton* Court cautioned that a "district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed" where another suit involving the same parties and the same state law issues is pending in state court. 515 U.S. at 283 (citations omitted).

Here, the heart of this federal lawsuit is the state law issue of whether Executive Risk and Westport are obligated under the policies they issued to Pepper to provide coverage for the underlying claims. A simple, side-by-side comparison of the two complaints reveals that this is

the same issue raised in the state court action which was filed two and a half years ago and which, as to Executive Risk, has advanced to judgment pending appeal. Executive Risk's federal court action specifically seeks the same declaration that Executive Risk also sought in the state court action, that the same underlying claims at issue are covered by Westport's Year 1 policy (at issue in both actions) because the claims were deemed first made during the period of that policy.

Similarly, the two causes of action in the federal lawsuit that were not pled in the state court action (indemnification and unjust enrichment) can only be determined after the issue of coverage under both Executive Risk's and Westport's policies is determined.[2] These issues are subsumed within the state court action and the issue of whether Executive Risk's policies must provide coverage already has been decided by the trial court and is on appeal. See, *Coltec Industries Inc. v. Continental Ins, Co.*, No. 04-5718, 2005 WL 126951 *3 (E.D.Pa. May 11, 2005)(court stayed insurance coverage action in later-filed federal lawsuit which included additional claims of breach of contract and bad faith, on the basis that these claims depended on the determination of coverage pending in the state court action).

Application of the *Wilton* factors to the facts and circumstances of these two cases weighs heavily in favor of an issuance of a stay of this federal court action. The scope of the two proceedings is the same because they involve the same legal and factual issues. The parties to

---

[2] To recover from Westport under an indemnification theory, Executive Risk must prove, *inter alia*, two predicate elements: (1) that it is not responsible for the underlying claims under its insurance policies (see, *Allstate Ins. Co. v. State of New York*, 152 Misc.2d 869, 871 (N.Y.Ct.Cl. 1991)(a party who has settled and seeks indemnification for the settlement payment must show that it was not responsible for the loss)); and (2) that Westport is obligated to provide coverage for the underlying claims under its Year 1 Policy (see, *Id.*) (party seeking indemnification shifts loss to another party which bears responsibility for the loss)).

Similarly, to prevail on its unjust enrichment claim, Executive Risk will have to establish, *inter alia,* that it paid a loss for which it was not obligated, when Westport is obligated to pay the loss under its Year 1 Policy. See, *Citibank v. Walker*, 12 A.D.3d 480, 481 (N.Y.A.D. 2nd Dept. 2004)("To prevail on a claim for unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.")(citations omitted)

9

this action are also parties to the state court action. Indeed, the state court action also involves the policyholder and the two other excess carriers, while this federal court action does not. Thus, the state court action is more comprehensive.

In addition, the parties are amenable to process in the state court proceedings and in fact have readily participated in advancing the litigation in that forum. Because the state court has already addressed the issue of Executive Risk's coverage obligations, it would be duplicative and a waste of judicial resources for this Court to address the same issues here. In fact, in the event the Appellate Division of the New York Supreme Court rules on the pending appeal in the near term, the state court ruling as to Executive Risk would likely preclude the re-litigation of the same issue in this Court under the principles of *res judicata*. See, *Nat. Union Fire Ins. Co. v. Turbi De Anguistia*, No. 05-2068, 2005 WL 2044930 *3 (S.D.N.Y. Aug. 23 2005, Cote, J.)(court stayed duplicative federal declaratory judgment action in deference to state court action which involved the same insurance coverage issues). As this court has stated, under such circumstances, "it would be unseemly and unnecessarily duplicative for this Court to participate in such a race to *res judicata*." *Id.* at *4.

Another significant factor in favor of the issuance of a stay is that the federal court action does not involve any issues of federal law. The resolution of these insurance coverage actions will hinge on the interpretation of the insurance contracts (the policies) between the parties, which is a matter of state law. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 115 (2nd Cir. 2001). This court has favorably cited to decisions of other circuits which have "weighted the scales presumptively in favor of abstention in declaratory judgment actions where insurance coverage disputes are the issue." *Reliance*, 1996 WL 61763 *3 (citing *Employer Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) and *Allstate Ins. Co. v. Mercier*,

913 F.2d 273, 279 (6th Cir. 1990)). This is because insurance coverage matters do not implicate any federal question and thus do not weigh in favor of federal court jurisdiction, when there is an identical pending state court action. See, *Nat. Union Fire Ins. Co. v. Warrantech Corp.*, No. 00-5007, 2001 WL 194903 (S.D.N.Y. Feb. 27, 2001)(federal matter involving question of insurance coverage governed by state law properly dismissed in favor of pending state court action).

Where a court has the discretion to stay a declaratory judgment action, "it seems prudent to decline to create 'inefficient simultaneous litigation.'" *Nat. Union Fire Ins. Co. v. Turbi De Anguistia*, 2005 WL 2044930 at *4. Duplication of parallel proceedings in two courts would squander judicial resources because only one of the courts will ultimately decide the issues and the other will be forced to halt its proceedings. *Coltec*, 2005 WL 126951 at *3 (district courts should conserve their resources by staying a case that would duplicate state litigation). Here, where this federal court action is competing with the earlier-filed state court action involving the same parties, facts and issues, and where the state court action is more advanced than this one, the involvement of this Court is not only unnecessary, but also has the potential to "increase friction between sovereign legal systems or improperly encroach on the domain of a state . . . court." " *Nat. Union Fire Ins. Co. v. Turbi De Anguistia*, 2005 WL 2044930 at *4 (citing *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2nd Cir. 2003)).

Accordingly, the only conclusion to be drawn upon application of the *Wilton* factors is that this federal court action should be stayed in deference to the state court action, which will decide the same issues on which Executive Risk seeks this Court's intervention. See, *Fireman's Fund*, 932 F.Supp. at 620-21 (pendency of parallel state court action warranted stay of insurer's declaratory judgment action regarding insurance coverage issues where both actions involved identical legal question).

WHEREFORE, Westport moves this Court to stay all proceedings in this action, including but not limited to responsive pleadings, discovery and pre-trial scheduling, pending resolution of a competing declaratory judgment action encompassing the same issues filed by the same Plaintiff, Executive Risk, pending in the Supreme Court of the State of New York, County of New York, and for such other, further, or different relief as to this court may seem just and proper.

Dated: New York, New York
       February 29, 2008

                GARBARINI & SCHER, P.C.

                /s/ Gregg D. Weinstock
                Gregg D. Weinstock, Esq.
                432 Park Avenue South, 9th Floor
                New York, New York 10016-8013
                (212) 689-1113

                WALKER WILCOX MATOUSEK LLP
                Robert P. Conlon, Esq.
                Joyce F. Noyes, Esq.
                225 West Washington Street
                Suite 2400
                Chicago, IL 60606-3418
                Telephone:   (312) 244-6700
                Facsimile:    (312) 244-6800

                Attorneys for Defendant
                *Westport Insurance Corporation*