UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EXECUTIVE RISK INDEMNITY INC.,

                Plaintiff,

-against-

WESTPORT INSURANCE CORPORATION,

                Defendant.
------------------------------------------------------------------------X

Case No. 08 CV 1822
Hon. Denise Cote

## DEFENDANT WESTPORT INSURANCE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant WESTPORT INSURANCE CORPORATION ("Westport"), by their attorneys, GARBARINI & SCHER, P.C., as for their Answer to Plaintiff's, EXECUTIVE RISK INDEMNITY, INC., Complaint, alleges upon information and belief:

## NATURE OF THE ACTION

1. Paragraph 1 is Plaintiff's statement of its case to which no response is required. To the extent a response is deemed to be required, Westport denies each and every allegation contained in the paragraph 1 of the Complaint and requests leave to refer all questions of law and fact to the trial of the action.

2. Paragraph 2 is Plaintiff's statement of its case to which no response is required. To the extent a response is deemed to be required, Westport denies each and every allegation contained in the paragraph 2 of the Complaint and requests leave to refer all questions of law and fact to the trial of the action.

3. Westport denies each and every allegation contained in paragraph 3 of the Complaint and requests leave to refer all questions of law and fact to the trial of the action.

4. Paragraph 4 is Plaintiff's statement of its case to which no response is required. To the extent a response is deemed to be required, Westport denies each and every allegation contained in the paragraph 4 of the Complaint and requests leave to refer all questions of law and fact to the trial of the action.

## PARTIES

5. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 and on such basis denies same and demands strict proof thereof.

6. Westport admits the allegations contained in paragraph 6.

## FACTUAL ALLEGATIONS

The 2001-2002 Policy Period

7. Westport admits that it issued insurance Policy No. PLL-341513-1 to the Named Insured Pepper Hamilton LLP subject to the terms, conditions and exclusions thereof. Westport affirmatively alleges that its insurance policy is a written document that speaks for itself, and denies the allegations of paragraph 7 to the extent they are inconsistent with the document as written.

8. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 and on such basis denies same and demands strict proof thereof.

The 2002-2003 Policy Period

9. Westport admits that it issued insurance Policy No. PLL-347287-5 to the Named Insured Pepper Hamilton subject to the terms, conditions and exclusions thereof. Westport affirmatively alleges that its insurance policy is a written document that speaks for itself, and

2

denies the allegations of paragraph 9 to the extent they are inconsistent with the document as written.

      10.    Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 and on such basis denies same and demands strict proof thereof.

      11.    Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 and on such basis denies same and demands strict proof thereof.

      12.    Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 and on such basis denies same and demands strict proof thereof.

The 2003-2004 Policy Period

      13.    Westport admits that it issued insurance Policy No. PLL-350772-3 to the Named Insured Pepper Hamilton LLP subject to the terms, conditions and exclusions thereof. Westport affirmatively alleges that its insurance policy is a written document that speaks for itself, and denies the allegations of paragraph 13 to the extent they are inconsistent with the document as written. Further responding, Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 13 and on such basis denies same and demands strict proof thereof.

      14.    Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 and on such basis denies same and demands strict proof thereof.

      15.    Westport states that it lacks sufficient information or knowledge to form a belief

as to the truth of the allegations contained in paragraph 15 and on such basis denies same and demands strict proof thereof.

16. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 and on such basis denies same and demands strict proof thereof.

<u>Pertinent Coverage Provisions in the Policies</u>

17. Westport affirmatively alleges that its insurance policy is a written document subject to the terms, conditions and exclusions thereof and which speaks for itself, and denies the allegations of paragraph 17 to the extent they are inconsistent with the document as written.

18. In response to paragraph 18, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraph 17.

19. In response to paragraph 19, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraph 17.

20. In response to paragraph 20, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraph 17.

<u>Pepper Gagne and Student Finance Corp.</u>

21. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 and on such basis denies same and demands strict proof thereof.

22. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 and on such basis denies same and demands strict proof thereof.

23. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 and on such basis denies same and demands strict proof thereof.

24. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 and on such basis denies same and demands strict proof thereof.

25. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 and on such basis denies same and demands strict proof thereof.

26. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 and on such basis denies same and demands strict proof thereof.

Pepper's First Knowledge of a Potential Claim

27. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 and on such basis denies same and demands strict proof thereof.

28. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 and on such basis denies same and demands strict proof thereof. Westport affirmatively alleges that to the extent this paragraph refers to a written document, such document speaks for itself, and Westport denies the allegations of paragraph 28 to the extent they are inconsistent with the document as written.

29. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 29 and on such basis denies same and

demands strict proof thereof. Westport affirmatively alleges that to the extent this paragraph refers to a written document, such document speaks for itself, and Westport denies the allegations of paragraph 29 to the extent they are inconsistent with the document as written.

30. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 and on such basis denies same and demands strict proof thereof.

31. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 and on such basis denies same and demands strict proof thereof.

32. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and on such basis denies same and demands strict proof thereof. Westport affirmatively alleges that to the extent this paragraph refers to a written document, such document speaks for itself, and Westport denies the allegations of paragraph 32 to the extent they are inconsistent with the document as written.

33. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and on such basis denies same and demands strict proof thereof. Westport affirmatively alleges that to the extent this paragraph refers to a written document, such document speaks for itself, and Westport denies the allegations of paragraph 33 to the extent they are inconsistent with the document as written.

34. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 and on such basis denies same and demands strict proof thereof. Further responding, Paragraph 34 contains conclusions of law

to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 34 and demands strict proof thereof.

Pepper's Claim and the Underlying Actions

35.   Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 and on such basis denies same and demands strict proof thereof. Westport affirmatively alleges that to the extent this paragraph refers to a written document, such document speaks for itself, and Westport denies the allegations of paragraph 35 to the extent they are inconsistent with the document as written. Further responding, Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 35 and demands strict proof thereof.

36.   Westport admits that it received letters dated April 22 and April 27, 2004 from Pepper Hamilton. Westport affirmatively alleges that these letters are written documents that speak for themselves, and denies the allegations of paragraph 36 to the extent they are inconsistent with the documents as written. In further response to paragraph 36, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 7, 9 and 13. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 35 and demands strict proof thereof.

37.   Westport admits that it forwarded a letter dated April 23, 2004 to Pepper Hamilton. Westport affirmatively alleges that this letter is a written document that speaks for itself, and denies the allegations of paragraph 37 to the extent they are inconsistent with the document as written. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 35 and demands strict proof thereof.

38. Westport admits that the lawsuit referenced in paragraph 38 was filed in Delaware Bankruptcy Court. Westport affirmatively alleges this lawsuit is a written document that speak for itself, and denies the allegations of paragraph 38 to the extent they are inconsistent with the document as written.

39. Westport admits that the lawsuit referenced in paragraph 39 was filed in federal district court in Delaware. Westport affirmatively alleges this lawsuit is a written document that speak for itself, and denies the allegations of paragraph 39 to the extent they are inconsistent with the document as written.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 40 and demands strict proof thereof. In further response to paragraph 40, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 7, 9 and 13.

41. Westport denies each and every allegation contained in paragraph 41 and demands strict proof thereof.

The Coverage Litigation and Executive Risk's Advancement of Funds

42. Westport admits that the lawsuit referenced in paragraph 42 was filed. Westport affirmatively alleges this lawsuit is a written document that speak for itself, and denies the allegations of paragraph 42 to the extent they are inconsistent with the document as written.

43. Westport admits the allegations contained in paragraph 43.

44. Westport admits that it advanced funds to Pepper to assist Pepper in funding its settlement of the Underlying Actions. Westport admits that at the time the Coverage Action remained pending. Westport states that it lacks sufficient information or knowledge to form a

belief as to the truth of the allegations contained in paragraph 44 and on such basis denies same and demands strict proof thereof.

45.  Westport denies each and every allegation contained in paragraph 45 and demands strict proof thereof.

### FIRST CAUSE OF ACTION

(Declaration of Coverage Under 2002-2002 Westport Policy)

46.  In response to paragraph 46, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 1-45.

47.  Westport admits that it issued policies of professional liability coverage to the Named Insured Pepper Hamilton during the period 1999 through 2004 subject to the terms, conditions and exclusions thereof.  Westport affirmatively alleges that its insurance policies are a written documents which speak for themselves, and denies the allegations of paragraph 47 to the extent they are inconsistent with the documents as written.  Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 47 and on such basis denies same and demands strict proof thereof.  Further responding, Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 47 and demands strict proof thereof.

48.  Westport affirmatively alleges that its insurance policy is a written document subject to the terms, conditions and exclusions thereof and which speaks for itself, and denies the allegations of paragraph 48 to the extent they are inconsistent with the document as written.  Further responding, Paragraph 48 contains conclusions of law to which no response is required.  To the extent a response is deemed required, Westport denies each and every

allegation contained in paragraph 48 and demands strict proof thereof.

49. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 49 and on such basis denies same and demands strict proof thereof. Further responding, Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 49 and demands strict proof thereof.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 50 and demands strict proof thereof.

51. Westport denies each and every allegation contained in paragraph 51 and demands strict proof thereof.

## SECOND CAUSE OF ACTION

(Equitable Indemnification)

52. In response to paragraph 52, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 1-51.

53. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 53 and on such basis denies same and demands strict proof thereof. Further responding, Paragraph 53 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 53 and demands strict proof thereof.

54. Westport denies each and every allegation contained in paragraph 54 and demands strict proof thereof.

## THIRD CAUSE OF ACTION

(Unjust Enrichment)

55. In response to paragraph 55, Westport hereby realleges and incorporates, as if fully set forth herein, its answers to paragraphs 1-54.

56. Westport states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 56 and on such basis denies same and demands strict proof thereof. Further responding, Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in paragraph 56 and demands strict proof thereof.

57. Westport denies each and every allegation contained in paragraph 57 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Complaint, and without waiving any denials of fact or liability set forth hereinabove, Westport hereby sets forth the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to allege sufficient facts to constitute a cause of action against Westport.

### THIRD AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent the

plaintiffs in those actions seek relief which does not constitute LOSS as that term is defined in the Westport policies.

### FOURTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent any liability of any Insured defendant arises out of errors and/or omission: (1) undertaken outside his or her capacity as an INSURED as that term is defined in the Westport policies; and/or, (2) committed in any capacity other than the Insured's professional capacity as an attorney as required under the Policies' definition of INSURED and WRONGFUL ACT.

### FIFTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent any Insured defendant is found to have acted as a beneficiary for a trust based upon Exclusion (I) of Section VII. of Westport's Lawyers Professional Liability Coverage Unit which excludes any claim based upon, arising out of, attributable to, or directly or indirectly resulting from any Insured's capacity as the beneficiary or distribute of any trust or estate.

### SIXTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent it is established that Pepper Hamilton had knowledge of the claim(s) or the potential for the claim based upon Westport's Lawyers Professional Liability Coverage Unit, Section VI. Exclusions (as amended) which excludes coverage for any claim arising out of any act, error or omission

occurring prior to the effective date of the Policy if (a) the matter had previously been reported to any professional liability insurance company, or (b) the Insured at the effective date knew or could have reasonably foreseen that such act, error or omission at the effective date might be expected to be the basis of a claim.

## SEVENTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent it is established that the claim is based upon, arises out of, is attributable to, or directly or indirectly results from any criminal, dishonest, malicious or fraudulent act, error or omission committed by any Insured pursuant to Exclusion (A) of Section XIV of the General Terms & Conditions of the Westport policies.

## EIGHTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent it is established that the claim is based upon, arises out of, is attributable to, or directly or indirectly results from any Insured having gained in fact any personal profit or advantage to which he or she was not legally entitled pursuant to Exclusion (D) of Section XIV of the General Terms & Conditions of the Westport policies.

## NINTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent it is established that the claim is based upon, arises out of, is attributable to, or directly or indirectly results from any Insured's activities as an officer, director, partner, manager or

employee of any company, corporation, operation, organization, partnership or association other than the NAMED INSURED based upon Exclusion (C) of Section VII. of Westport's Lawyers Professional Liability Coverage Unit.

### TENTH AFFIRMATIVE DEFENSE

The claims against Pepper Hamilton tendered in the Underlying Actions are not covered by Westport's policies of insurance issued to Pepper Hamilton to the extent it is established that the claim is based upon, arises out of, is attributable to, or directly or indirectly results from any professional services rendered or that should have been rendered to or on behalf of any entity which, at that time, was controlled, managed or operated by any Insured or was ten percent (10%) or more owned by any Insured or combination of Insureds based upon Exclusion (J)(as amended) of Section VII. of Westport's Lawyers Professional Liability Coverage Unit.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent it is established that Pepper Hamilton made any material misrepresentation or omissions in the procurement of any of the Westport policies of insurance issued to Pepper Hamilton, such policies are void ab initio or voidable.

### TWELFTH AFFIRMATIVE DEFENSE

The allegations in Plaintiff's Complaint fail to set forth its claims with sufficient particularity to enable Westport to determine all applicable affirmative defenses, and Westport reserves its right to assert any additional defenses that may be applicable, to withdrawing defenses that are found to be inapplicable, and to specifically assert additional affirmative defenses once the precise nature of the claims are ascertained through discovery and further investigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is premature in that Executive Risk's obligation under its policies to indemnify Pepper Hamilton for any loss in connection therewith has not yet been finally resolved. Plaintiff's Complaint is also premature in that Executive Risk has not yet sought to recover the monies it advanced from Pepper Hamilton. In the event Executive Risk recovers the monies it advanced from Pepper Hamilton, it may not also seek recovery from Westport. As such, these proceedings should be stayed.

WHEREFORE, Defendant WESTPORT INSURANCE CORPORATION demands judgment dismissing the Complaint with prejudice as against WESTPORT INSURANCE CORPORATION, award WESTPORT INSURANCE CORPORATION its fees and costs of suit, and award WESTPORT INSURANCE CORPORATION such other and further relief as is just and equitable.

Dated: New York, New York
February 29, 2008

GARBARINI & SCHER, P.C.

/s/ Gregg D. Weinstock
432 Park Avenue South, 9th Floor
New York, New York 10016-8013
(212) 689-1113

WALKER WILCOX MATOUSEK, LLP
Robert P. Conlon
Joyce F. Clough
225 West Washington Street
Suite 2400
Chicago, Illinois 60606

Attorneys for Defendant
*Westport Insurance Corporation*

## **AFFIRMATION OF SERVICE**

I, Joyce F. Noyes, declare under penalty of perjury that I have served a copy of the attached **Defendant Westport Insurance Corporation's Answer and Affirmative Defenses to Complaint** upon counsel of record by forwarding a copy of same via U.S. Mail to their address, listed below.

**William B. Pollard, III**
**KORNSTEIN VEISZ WEXLER & POLLARD, LLP**
**757 Third Avenue**
**New York, NY 10017-2013**
*Attorney for Plaintiff, Executive Risk Indemnity Inc*.

Dated: Chicago, IL
February 29, 2008

s/Joyce F. Noyes
WALKER WILCOX MATOUSEK LLP
225 West Washington Street, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
E-mail: jnoyes@wwmlawyers.com