William B. Pollard, III (WB-9542)
Catherine M. Irwin (CI-7287)
Amy C. Gross (AG-8836)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York  10017
(212) 418-8600

*Attorneys for Plaintiff*
*Executive Risk Indemnity Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EXECUTIVE RISK INDEMNITY INC.,           :
                                          :    08 Civ. 1822 (DLC/AJP)
                    Plaintiff,            :
        -v-                               :
                                          :    **AFFIDAVIT**
WESTPORT INSURANCE CORPORATION,           :
                                          :
                    Defendants.           :
---------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

  WILLIAM B. POLLARD, III, being duly sworn, deposes and says:

  1. I am a member of Kornstein Veisz Wexler & Pollard, LLP, attorneys for Executive Risk Indemnity Inc. ("ERII"), the Plaintiff in this action. I make this affidavit in opposition to Westport Insurance Corporation's ("Westport") motion to stay this action.

  2. Annexed to this Affidavit are true and correct copies of the following documents:

Exhibit A: February 11, 2005 E-mail from Jane Mandigo (Westport Insurance Corporation) to Alfred Wilcox (Pepper Hamilton, LLP) (PH INS 00000894) which was produced by Pepper Hamilton, LLP in the state court litigation related to this action; and

Exhibit B: The Request for Judicial Intervention filed by ERII in Supreme Court, New York County

_____
WILLIAM B. POLLARD, III

Sworn to before me this
14th day of March, 2008

_____
NOTARY PUBLIC

CATHERINE C. MONTJAR
Notary Public, State of New York
No. 02MO6125728
Qualified in New York County
Commission Expires April 25, 20 09

# Exhibit A

| | |
|---|---|
| From: | Jane.Mandigo@ge.com |
| Sent: | Friday, February 11, 2005 12:40 PM |
| To: | WILCOXA@pepperlaw.com |
| Subject: | RE: SFC v. Pepper Hamilton |

Mr. Wilcox:

Westport does not contend that Pepper should have given Westport notice of the SFC "circumstances" in April 2002.

Jane A. Mandigo
GE Insurance Solutions
Professional Liability Claims Consultant
T- 913-676-5230
F- 877-880-1590
jane.mandigo@ge.com
Westport Insurance Corporation


-----Original Message-----
From: Wilcox, Alfred [mailto:WILCOXA@pepperlaw.com]
Sent: Thursday, February 10, 2005 2:12 PM
To: 'Jane.Mandigo@ge.com'
Subject: SFC v. Pepper Hamilton


One of the bases Westport has asserted in its reservation of rights letter as to why Westport may not be liable to defend and indemnify Pepper with respect to the SFC claim is Westport's suggestion that Roderick Gagne's April, 2002 memorandum to Pepper's executive partner and chair of its Finance Committee, in which Mr. Gagne hypothesizes that Pepper might be sued as a "deep pocket" associated with SFC, establishes that Pepper knew of the SFC "circumstance" at that time, and could have notified Westport of the "circumstance" at that time. As I understand the "Continuity of Coverage" clause in each of Pepper's policies with Westport, if Pepper has maintained continuous coverage with Westport between the time when a "circumstance" could have been advised and the time that an actual claim was advised, then the coverage in effect at the time of the knowledge of the "circumstance" will apply, rather than the coverage in effect at the time of the advice of the threatened (or actual) claim. I do not agree with Westport that Mr. Gagne's speculations in April 2002 that some unidentified party might assert a claim against Pepper under some unidentified theory, simply because Pepper was a "deep pocket" close to SFC and SFC might default on hundreds of millions of dollars in financing, rises to the level of a "circumstance" of which an insured could or should give its insurer notice. But assuming, for the sake of discussion, that such speculation should provide the basis for notice to Pepper's insurer, please confirm to me that Pepper would then be entitled to the coverage terms of the policy in effect as of April, 2002 (i.e., Pepper would have $20 million in coverage from Westport, rather than the $10 million in effect in 2004 when the Trustee first threatened a claim. In the alternative, please confirm to me that Westport does not contend that Pepper should have given Westport notice of the SFC "circumstances" in April 2002, so as to affect in any way Pepper's coverage under the Westport policy in effect in 2004, when notice was given.

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or

1

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER
entered by the New York State Supreme Court, Index Nos. 603624/2005, 590185/2007

PH INS 00000894

# Exhibit B

001267

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT, NEW YORK COUNTY          INDEX NO. DATE PURCHASED: 08-600200
                                                January 23, 2008    For Clerk Only

================================================X
PLAINTIFF(S): EXECUTIVE RISK INDEMNITY INC.                    IAS entry date


DEFENDANT(S): WESPORT INSURANCE CORPORATION                    Judge Assigned


                                                               RJI Date
================================================X
Date issue joined (      N/A      )       Bill of Particulars served (Y/N): N
.................................................................
NATURE OF JUDICIAL INTERVENTION (check ONE box only and enter information)
____ Request for preliminary conference
____ Note of issue and/or certificate of readiness
____ Notice of Motion (return date _____) Relief sought_____
____ Order to show cause (clerk enter return date_____)
     Relief sought_____)
____ Other ex parte application (specify_____)
____ Notice of petition (return date_____) Relief sought _____
____ Notice of medical or dental malpractice action (specify _____)
____ Statement of net worth
____ Writ of habeas corpus
XXX  Other  (specify FOR ASSIGNMENT AS A RELATED CASE)

NATURE OF ACTION OR PROCEEDING (check ONE box only)

| MATRIMONIAL | | TORTS | |
|---|---|---|---|
| ___ Contested | - CM | Malpractice | |
| ___ Uncontested | - UM | ___ Medical/Podiatric | - MM |
| | | ___ Dental | - DM |
| COMMERCIAL | | ___*Other Professional | - OPM |
| ___ Contract | - CONT | | |
| ___ Corporate | - CORP | ___ Motor Vehicle | - MV |
| XXX Insurance (where insurer is a | | ___ Products Liability | - PL |
| party, except arbitration) | - INS | | |
| ___ UCC (including sales, | | ___ Environmental | - EN |
| negotiable instruments) | - UCC | ___ Asbestos | - ASB |
| ___*Other Commercial | - OC | ___ Breast Implant | - BI |
| | | ___ Other Negligence | - OTN |
| REAL PROPERTY | | ___*Other Tort (including | |
| ___ Tax Certiorari | - TAX | intentional | - OT |
| ___ Foreclosure | - FOR | SPECIAL PROCEEDINGS | |
| ___ Condemnation | - COND | ___ Art. 75 (Arbitration) | - ART 75 |
| ___ Landlord/Tenant | - LT | ___ Art. 77 (Trusts) | - ART 77 |
| ___*Other Real Property | - ORP | ___ Article 78 | - ART 78 |
| | | ___ Election Law | - ELEC |
| | | ___ Guardianship (MHL Art. 81) | - GUARD81 |
| OTHER MATTERS | | ___ Other Mental Hygiene | - MHYG |
| ___* _____ | - OTH | | |
| | | ___*Other Special Proceeding | - OSP |
| *If asterisk used, please specify | | | |

2172092XXXCMI.00002.wpd

Supreme Court Records OnLine Library - page 1 of 2

Check "YES" or "NO" for each of the following questions.

If this action/proceeding against a

| YES  NO |                        | YES  NO |                           |
|---------|------------------------|---------|---------------------------|
| ___ XXX | Municipality: (specify _____) | ___ XXX | Public Authority (specify _____) |

YES  NO
XXX  ___   Does this action/proceeding seek equitable relief
___  XXX   Does this action/proceeding seek recovery for personal injury
___  XXX   Does this action/proceeding seek recovery for property damage

<u>Pre-Note Time Frames:</u>
**(This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

___  Expedited:  0-8 months    XXX  Standard 9-12 months     ___ Complex 13-15 months

<u>Contested Matrimonial Cases Only:</u>   (Check and give date)

    Has summons been served?                  ___ No    ___ Yes, Date _____
    Was a Notice of No Necessity filed?       ___ No    ___ Yes, Date _____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | WILLIAM B. POLLARD, III<br>Kornstein Veisz Wexler & Pollard, LLP | 757 Third Avenue<br>New York, NY 10017 | 212-418-8600 |
| [ ] | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | N/A | | |
| [ ] | | | |

* Self Represented: parties representing themselves, without an attorney, should check "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

NAMES OF INSURANCE CARRIERS
NONE

RELATED CASES (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of relationship |
|---|---|---|---|
| Executive Risk Indemnity Inc. v. Pepper Hamilton LLP et al. | 603624-05E | Supreme Court/ New York County Part 3 | Related parties and subject matter |

    I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: January 23, 2008

*[signature: William B. Pollard]*
William B. Pollard, III
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
Attorney for
757 Third Avenue
New York, New York 10017
(212) 418-8600

**ATTApH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION.**