William B. Pollard, III (WBP-9542)
Catherine M. Irwin (CI-7287)
Amy C. Gross (AG-8836)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

*Attorneys for Plaintiff*
*Executive Risk Indemnity Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EXECUTIVE RISK INDEMNITY INC., :
: 08 Civ. 1822 (DLC/AJP)
Plaintiff, :
-v- :
:
WESTPORT INSURANCE CORPORATION, :
:
Defendants. :
-----------------------------------------------------------------x

PLAINTIFF EXECUTIVE RISK INDEMNITY INC.'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT WESTPORT INSURANCE
CORPORATION'S MOTION TO STAY ALL PROCEEDINGS IN THIS ACTION

2172092BRIWBP.00001 wpd

Table of Contents

Page(s)

Table of Authorities .................................................... ii-iii

PRELIMINARY STATEMENT ............................................ 1

STATEMENT OF FACTS ................................................ 3

ARGUMENT ........................................................... 8

    I      Westport's Stay Motion is Subject to the
           Colorado River Exceptional Circumstances Test ....................... 8

    II     Westport's Motion Fails Even if the More
           Lenient Wilton Standard is Applied ................................ 11

CONCLUSION ........................................................ 14

# Table of Authorities

Page(s)

## Cases

*Abercrombie v. Andrew College*,
    438 F. Supp. 2d 243 (S.D.N.Y. 2006) .................................................. 8

*Andrea Theatres, Inc. v. Theatre Confections, Inc.*,
    787 F.2d 59 (2d Cir.1986) ........................................................... 10

*Brillhart v. Excess Ins. Co. of Am.*,
    316 U.S. 491 (1942) ................................................................ 12

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ........................................................... 8, 9, 12

*De Cisneros v. Younger*,
    871 F.2d 305 (2d Cir. 1989) ......................................................... 9

*Executive Risk Indemnity Inc. v. Pepper Hamilton LLP et al.*,
    Index No 603624/05 E ............................................................... 7

*Moses H. Cone Mem'l Hosp.*,
    460 U.S. at 21, 103 S.Ct. 927 .................................................. 10, 12

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*,
    108 F.3d 17 (2d Cir. 1997) ......................................................... 11

*Pepper Hamilton LLP et ano. v. Continental Casualty Company et ano.*,
    Index No. 590185/07 ................................................................ 7

*Reliance Ins. Co. of Ill. v. Multi-Financial Sec. Corp.*,
    1996 WL 61763 (S.D.N.Y.1996) ....................................................... 12

*Solkav Solartechnik, Ges.m.b.H. v. Besicorp Group, Inc.*,
    No. 96 Civ. 442 (DLC), 1996 WL 282066 (S.D.N.Y., May 28, 1996) (Cote, J.) ....... 9

*Village of Westfield v. Welch's*,
    170 F.3d 116 (2d Cir 1999) ...................................................... 8-11

**Page(s)**

Cases

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) .................................................. 8, 11, 12

*Youell v. Exxon Corp.*,
    48 F.3d 105 (2d Cir.),
    *vacated on other grounds*, 116 S.Ct. 43 (1995) ................................ 9

## PRELIMINARY STATEMENT

Defendant Westport Insurance Corporation ("Westport") owes Plaintiff Executive Risk Indemnity Inc. ("ERII") $10 million. To recover that money, on January 23, 2008, ERII sued Westport in New York State Supreme Court, Commercial Division, asserting indemnification and unjust enrichment claims. Westport, however, does not want the Supreme Court to adjudicate its liability to ERII; nor does it want this Court to rule on the debt it owes ERII. Thus, Westport first removed this action to federal court to avoid what it obviously foresees as an impending adverse ruling by the Supreme Court, and now seeks to stay this action. The basis for Westport's stay motion is that "this federal court action is competing with the earlier-filed state court action involving the same parties, facts and issues, and where the state court action is more advanced than this one. . . ." Westport Moving Br. at 11. That argument, however, is both misleading and false.

ERII did file an action in the Supreme Court's Commercial Division in October 2005, but that action only sought a declaration that ERII did not owe its insureds, Pepper Hamilton LLP (the "Pepper firm") and W. Rodrick Gagné, who is a member of the firm (collectively, "Pepper"), coverage for two lawsuits known as the Underlying Actions (which are defined *infra* at 4) under an excess professional liability policy that ERII had issued. While Westport was named a defendant in that action, ultimately no relief was sought or obtained against it. Rather, the state trial court adjudicated that dispute in ERII's favor and entered judgment, which is now on appeal, only against Pepper. ERII's case against Westport, simply put, has become moot. The only claim from that action still pending in the Supreme Court is Pepper's cross-claim against Westport for coverage under primary policies that Westport issued to the Pepper firm.

The core issues that were decided by the motion court in granting ERII summary judgment against Pepper based upon policy exclusions are irrelevant to the indemnification and unjust

enrichment claims now before this Court. None of the core factual and legal issues related to Pepper's cross-claim for coverage under what is called Westport's Year 1 policy were addressed or decided by the motion court. Some of the unresolved issues, however, do overlap with the claims before this Court. However, ERII is not a party to the cross-claim, and has no standing to participate in the litigation of those issues.

Further, ERII did not assert any claim for damages against Westport in the first-filed action. The only damage claims that ERII has ever asserted are in the instant action. When this action was filed, ERII asked the Supreme Court to treat the new case as related to the cross-claim action still before it. In response, Westport removed the instant action to this Court, and now seeks to have it stayed on prior action pending grounds. Westport's argument, however, is misleading. The only claim remaining in the state trial court is Pepper's cross-claim against Westport for coverage, and not, as Westport deceptively argues, parallel claims involving the same parties to this action.

Thus, it is further misleading for Westport to argue in seeking a stay that there is a potential for this Court and the Supreme Court to issue conflicting rulings involving the same parties to this action. More important, to the extent that there is a potential for conflicting rulings, Westport created that potential by removing ERII's damage action to this Court, and denying the Supreme Court the opportunity to treat it and the cross-claim action as related cases or even consolidating the two actions for all purposes.

Westport also argues that, by filing its damage action, ERII engaged in forum shopping. The forum shopper, however, is Westport. This case is in federal court because Westport did not want the Supreme Court Justice to preside over both ERII's indemnification action and Pepper's coverage action, or to rule on ERII's damage claims. Westport clearly removed this case because it fears that

ERII will swiftly obtain a ruling requiring Westport to pay ERII the $10 million that it owes ERII.

Equally clear is that the entire basis for Westport's stay motion was created by Westport's removal of this case from the Supreme Court, and that all of the reasons Westport gives for a stay would become moot if Westport withdraws its removal petition and this case is returned to the Commercial Division where ERII filed it. These basic truths expose Westport's motion for what it really is. Westport wants to deprive ERII of a forum that will hear its claims for damage, and, at the same time, prevent ERII from participating in the litigation of the coverage issues that pertain to its damage claims in this Court. Thus, if Westport's stay motion is granted, no court will hear ERII's damages claims, and ERII will be shut out of the litigation concerning the coverage issues that will be decided through the cross-claim litigation.

Westport should not be allowed to do this. Its motion to stay should be denied.

## STATEMENT OF FACTS

The instant dispute arises from ERII's advancement of $10 million to Pepper to assist Pepper in settling the Underlying Actions. That money, however, should have been advanced by Westport. The genesis of the Underlying Actions and Pepper's claims for coverage for them is Pepper's representation of Student Finance Corporation ("SFC"). Pepper drafted private placement memoranda for SFC which were used by SFC in the sale of about $500 million of securities (which were also called certificates) backed by collateralized student loans. In Spring 2002, those securities became worthless when it was discovered that SFC had concealed the true default rate of the underlying debt which was supposed to have supplied the funds to pay the interest and principle for those securities. This in turn led to the recognition that the loan performance data, including the default rates, in the memoranda that Pepper prepared were materially and fraudulently misleading.

3

Indeed, none of the memoranda prepared by Pepper disclosed certain "forbearance payments" SFC made and caused to be made, which masked the actual and staggeringly high default rate of the securitized loans. Ex. 13 at 4-9.[*]

In April 2004, Pepper gave notice of a Potential Claim[**] under the primary professional liability policy that Westport had issued to the Pepper firm. The Notice of a Potential Claim was triggered by a request made by SFC's bankruptcy trustee that Pepper execute a tolling agreement while the Trustee considered whether to assert any claims against Pepper regarding its role in representing SFC in the sale of the collateralized debt backed securities. Ex. 13 at 11-12.

Subsequently, the bankruptcy trustee filed suit against Pepper in Delaware Bankruptcy Court in an action styled *Charles A. Stanziale, Jr., as Chapter 7 Trustee of Student Finance Corporation v. Pepper Hamilton LLP, et al.* Pepper also was sued by another of its clients, Royal Indemnity Company, in Federal District Court in Delaware seeking to recoup the nearly $500 million that it had paid as credit insurer of SFC's certificates. *See, Royal Indemnity Company v. Pepper Hamilton LLP, et al.* These two actions are known as the Underlying Actions. Ex. 13 at 4, 12.

Under the terms of the applicable policies, Pepper's Notice of a Potential Claim triggered coverage under Westport's primary policy for the 2001-2002 Policy Period (the Year 1 policy), which provided Pepper with $20 million in coverage benefits. The Pepper firm also had $30 million of professional liability coverage excess to Westport's limits under a policy that Continental Casualty

---

[*] Unless otherwise noted, citations are to exhibits submitted as part of Westport's moving papers. While Westport did not properly place those documents before the Court, ERII does not object to the Court considering them on this motion.

[**] Capitalized words are terms that are defined by Westport's policies of insurance issued to Pepper.

4

Company ("CNA") issued it for the same 2001-2002 Policy Period. Notwithstanding that Westport's claim handler had correctly identified Pepper's notice as a Notice of Potential Claim (because the tolling agreement did not include a demand for Loss as required by Westport's policy), Westport later baldly contended that Pepper had given Notice of a Claim, and that the insurance program for the 2003-2004 Policy Period (Policy Year 3) would have to respond to Pepper's claim for coverage. Westport was the primary Year 3 carrier. ERII was one of three excess insurers for the Year 3 Policy Period, each of which provided $10 million in coverage benefits to Pepper in excess of Westport's $10 million primary limits. CNA and Twin City Fire Insurance Company ("Hartford") were the other two excess carriers for the Year 3 Policy Period. Ex. 13 at 2-3; Ex. A, attached to the Affidavit of William B. Pollard, III dated March 14, 2008 ("Pollard Aff.").

Westport's attempt at turning a Potential Claim into a Claim under its policy was nothing but a rank effort to reduce its liability for Pepper's Claims from $20 million to $10 million, Westport's Year 3 limits, and shift its additional $10 million obligation to its insureds onto ERII. In response to Westport's effort at alchemy and Pepper's demand for coverage under either the Year 1 or the Year 3 policies, ERII sued Pepper and Westport seeking, <u>and only seeking</u> as substantive relief, a "Declar[ation] that Executive Risk has no obligation to indemnify Gagné or Pepper Hamilton under the 2003-2004 Executive Risk Policy as a result of the Underlying Actions." Ex. 1 at 13.

In support of its prayer for relief, ERII advanced two theories: First, the prior knowledge exclusions incorporated into ERII's Year 3 policy excluded coverage for claims relating to the Underlying Actions, assuming that the Year 3 policy had to respond to Pepper's Claims. Second, coverage for Pepper's Claims, if any, was properly found under the Year 1 policies that Westport

5

and CNA had issued.[*] After motion practice addressed to ERII's complaint, Pepper and Westport requested and obtained a stay of ERII's state court case which was lifted in a two-step process during December 2006 and January 2007. Pepper then filed a cross-claim against Westport and counterclaims against ERII, and filed a third party complaint against Hartford and CNA seeking coverage for its Claims. Exs. 3 and 4.

During June 2007, ERII moved for summary judgment, as did Hartford and CNA. ERII and Hartford argued that the prior knowledge exclusions precluded coverage assuming that the Year 3 policies had to respond. Alternatively, ERII and Hartford argued that coverage, if any, could only be found under the Year 1 policies because of the continuous coverage provision. The Supreme Court, in an opinion dated September 26, 2007, but filed on January 4, 2008, held that the prior knowledge exclusions applied and granted ERII and Hartford summary judgment. Exs. 9-11, 13.

Westport had attempted to interject itself in ERII and Hartford's motion and argue that the Court should not decide the alternative argument based on the continuous coverage provision. Ex. 12. However, the Court did not address Westport's argument or ERII and Hartford's argument that Westport was a stranger to the motion and had no standing to be heard, saying: "Because the court's decision on ERII and Hartford's motions is based upon the prior knowledge exclusion, the court will not address Westport's opposition papers or arguments challenging Westport's standing to submit opposition papers." Ex. 13 at 16 n. 1.

The motion court also granted CNA's motion to rescind its Years 2 and 3 policies, and, given

---

[*] The Westport policies contain a continuous coverage provision which, in essence, provides that if the insured has been continuously covered under policies issued by Westport at the time Notice of a Potential Claim is given, then coverage is in the Policy Period when the insured first became aware of the Potential Claim. CNA's policies incorporated by reference Westport's continuous coverage provision. Ex. 13 at 15, 20-21.

6

the rescission, further held that there was no coverage under CNA's Year 1 policy because there was no continuous coverage at the time Pepper first gave Notice. The motion court went on to dismiss Pepper's counterclaims against ERII and the third party complaint against Hartford and CNA. However, the court further "ORDERED that Pepper Hamilton LLP and W. Roderick Gagné's cross-claim against co-defendant Westport Insurance Corporation is hereby severed and shall continue." Ex. 13 at 20-22. Judgment was entered on January 29, 2008 in accordance with the motion court's opinion, and Pepper has appealed from it. *See* Docket Sheet, Supreme Court, New York County for *Executive Risk Indemnity Inc. v. Pepper Hamilton LLP et al.*, Index No 603624/05 E, and *Pepper Hamilton LLP et ano. v. Continental Casualty Company et ano.*, Index No. 590185/07.

Thus, the only matter left to be adjudicated in the state trial court is Pepper's cross-claim for coverage under the Year 1 policy or the Year 3 policy issued by Westport. ERII is not a party to that cross-claim, and ERII has no claim for damages against Westport in the pending state court action.

On January 23, 2008, ERII sued Westport, seeking a declaration that Westport's Year 1 policy was required to respond to Pepper's Claims for coverage involving the Underlying Actions because of the continuous coverage provision, and for $10 million in damages. The damage claims are grounded on theories of indemnification and unjust enrichment. They seek to recover money that ERII advanced to Pepper under its Year 3 policy to help settle the Underlying Actions on the ground that Westport should have advanced $20 million under its Year 1 policy less any prior erosion of limits (and not just the money that Westport advanced under its Year 3 policy). Upon filing the complaint, ERII asked the Supreme Court to treat it as related to Pepper's pending cross-claim for coverage against Westport. Ex. 2; Pollard Aff. Ex. B. As related (or consolidated ) cases, ERII's

damage action and Pepper's coverage action would be litigated and decided together by the same court.

To prevent ERII and Pepper's claims from being litigated together in the Supreme Court, on February 22, 2008, Westport removed ERII's case against it to federal court based upon diversity jurisdiction. Westport now seeks a stay of this action arguing, misleadingly, that there is a prior pending action in the Supreme Court.

## ARGUMENT

### I

### Westport's Stay Motion is Subject to the *Colorado River* Exceptional Circumstances Test

Westport, not surprisingly, argues in support of its abstention motion that:

> The decision to stay an action in favor of a previously-filed action is within the sound discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995)(discretionary standard, rather than exceptional circumstances test, govern district court's decision to stay declaratory judgment action during parallel state court proceedings)

Westport Br. 7. The problem with this argument is that is does not accurately state the abstention law of this Circuit when a party seeks both declaratory relief <u>and</u> damages, as ERII has done in the instant action. The Second Circuit held in *Village of Westfield v. Welch's*, 170 F.3d 116, 125 n. 5 (2d Cir 1999), that, in such circumstances, the District Court is required to apply the stringent "exceptional circumstances" test set forth in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), in deciding whether to abstain from exercising its jurisdiction in favor of a competing state court case. *See also Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 260 n. 18 (S.D.N.Y. 2006).

8

As this Court noted in *Solkav Solartechnik, Ges.m.b.H. v. Besicorp Group, Inc.*, No. 96 Civ. 442 (DLC), 1996 WL 282066, *1-*2 (S.D.N.Y., May 28, 1996) (Cote, J.):

> There are four "'extraordinary and narrow exception[s]'" to the "'virtually unflagging'" obligation of a federal court to exercise its jurisdiction when properly implicated. *Youell v. Exxon Corp.*, 48 F.3d 105, 108 (2d Cir.), *vacated on other grounds*, 116 S.Ct. 43 (1995)(quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 817-18 (1976)(brackets in original)(hereinafter "*Youell I*")). A federal Court may decline to exercise its jurisdiction . . . 4) when pending state court proceedings are duplicative and extraordinary "'reasons of wise judicial administration'" favor abstention. *Youell I*, 48 F.3d at 109 (quoting *Colorado River*, 424 U.S. at 818).*
>
> * * * * *
>
> Under *Colorado River*, consideration of six factors is necessary for determining whether abstention is appropriate:
>
> (1) whether either the state or federal court has assumed jurisdiction over a *res*; 2) the relative inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the actions were filed; 5) whether state or federal law provides the rule of decision; 6) whether the state action will protect the federal plaintiffs' rights.
>
> *Youell I*, 48 F.3d at 109 (citing *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989))

See also *Village of Westfield*, 170 F.3d at 122-25.

Applying these factors: neither the state nor federal actions involve a *res*. Both courts are convenient to the parties. As such, "that factor favors retention of the case in federal court." *Village of Westfield*, 170 F.3d at 122. To the extent that there is a risk of piecemeal litigation, Westport's removal of this action from the Supreme Court is the sole cause of any such potential risk. As such,

---

* The other three bases are not relevant to the abstention application before the Court.

Westport cannot benefit from its own wrongdoing, nor can its wrongdoing be permitted to prejudice ERII's right to be heard on the Year 1 coverage issues by denying it a forum in which to be heard.

The fact that the state court action was filed first lends no support to Westport's motion. As Westport acknowledges in its brief at 4, little discovery has been taken regarding the Year 1 policy coverage issues that overlap Pepper's cross-claim and ERII's damage action. Thus, neither court has a temporal advantage in the progress of the litigation. As the Second Circuit put it in *Village of Westfield*, 170 F.3d at 122:

> This factor does not turn exclusively on the sequence in which the cases were filed, "but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21, 103 S.Ct. 927. In addition, where there has been limited progress in a state court suit, "the fact that the state action was commenced before the federal suit carries little weight." *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 64 (2d Cir.1986).

In this diversity action, state law supplies the rule of decision regarding ERII's claims, but the state law issues involve the construction of an insurance policy and are not "novel or particularly complex." *Village of Westfield*, 170 F.3d at 123-24. Thus, this factor also does not favor abstention.

ERII is not a party to the cross-claim, and, thus, its rights concerning the coverage issues will not be protected in the Supreme Court litigation. *See, Village of Westfield*, 170 F.3d at 124:

> In analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28, 103 S.Ct. 927. The Supreme Court has stated that "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.* This factor is "more important when it weighs in favor of federal jurisdiction." *Bethlehem Contracting*, 800 F.2d at 328.

Thus, none of the Colorado River factors support abstention, let alone constitute "exceptional circumstances" warranting a stay of this action in favor of the Supreme Court action involving Pepper's cross-claim. As such, the Court is not empowered with any discretion to abstain from adjudicating ERII's damage claims. *See Village of Westfield*, 170 F.3d at 125. Accordingly, Westport's motion should be denied.

II

**Westport's Motion Fails Even if the More Lenient *Wilton* Standard is Applied**

Assuming *arguendo* that the more lenient standard in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995) applies, Westport's motion fails because it cannot satisfy the threshold inquiry that this action and Pepper's cross-claim are concurrent or parallel actions. The Second Circuit has held that:

> Federal and state proceedings are "concurrent" or "parallel" for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). ERII is not a party to Pepper's cross-claim, the only remaining claim before the Supreme Court. While there is some overlap in the issues raised by this action and the cross-claim, those issues are not "the same." In addition to the coverage issues, ERII asserts damage claims based upon indemnification and unjust enrichment. The relief sought by the two actions also is not "the same." Pepper seeks coverage for its Claims under its Year 1 or Year 3 primary policy issued by Westport. ERII seeks to recover the $10 million that it advanced to Pepper on the ground that this advancement was

Westport's obligation, not ERII's obligation. Thus, Westport's motion fails at the outset under the incorrect abstention standard it advocates.

Westport's motion also fails at the outset because every argument that it makes based on the *Wilton* factors was created by Westport's removal of this case from the Supreme Court. Had Westport not done that, ERII's damage claims and Pepper's cross-claim would have been litigated as related cases before the same judge. Having created the purported problem of which it now complains, Westport is entitled to no relief.

One court has summarized the *Wilton* factors which guide the exercise of discretion to abstain from hearing an action seeking only declaratory relief as follows:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). To these factors, the *Wilton* Court added, (5) avoiding duplicative proceedings; and (6) avoiding forum shopping. 515 U.S. at 280, 283. These factors are not exclusive, and the *Colorado River / Moses H. Cone* factors including (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law retain their vitality. *See, e.g., Reliance Ins. Co. of Ill. v. Multi-Financial Sec. Corp.*, 1996 WL 61763, at *2 (S.D.N.Y.1996).

*Alpine Group, Inc. v. Johnson*, No. 01 Civ. 5532 (NRB) 2002 WL 10495, *3 (S.D.N.Y. Jan. 3, 2002).

Putting the previously described disqualifying reasons to the side, an analysis of the *Wilton* factors demonstrates that there is no reason for this Court to abstain from deciding ERII's claims. (1) The state court proceeding is not the same as the instant action. As previously explained, the former is for coverage, the latter is for damages. (2) ERII's damage claims cannot be addressed through the litigation of Pepper's cross-claim for coverage. (3) ERII is not a party to Pepper's cross-

claim. (4) Westport rejected the Supreme Court's jurisdiction by removing this action. (5) While there is some overlap of issues, the cross-claim does not duplicate the damage claim.* (6) Westport is guilty of forum shopping. It fears an adverse ruling in the state court, and, therefore, removed this case from that Court. (7) Either Court is convenient to the parties, which favors the exercise of federal jurisdiction. (8) For the reasons discussed *supra* at 10, the order of filing also favors the exercise of federal jurisdiction. (9) The choice of law rules are the same in both Courts.

In an effort to avoid this reality, Westport offers false arguments to support its motion. For example, it says that the state court action is more comprehensive because all of Pepper's carriers are parties and that there has been a partial resolution of the claims in that action. *See* Westport Br. at 8-10. However, the adjudication of the summary judgment motions made by ERII, Hartford and CNA have nothing to do with Pepper's cross-claim for coverage under Westport's Year 1 or Year 3 policies which the motion court severed and said "shall continue." That, as noted, is the only claim pending in the state trial court.

Westport also tries to argue that this Court will be required to adjudicate the same issues that the Supreme Court decided and that now are on appeal to the Appellate Division. *See* Westport Br. at 10. That, however, is simply not true. The Supreme Court ruled that, assuming coverage in Year 3, ERII was not required to provide coverage under its policy because prior to the attachment of coverage Pepper knew that it "might be" sued because of its involvement -- innocent or not -- in SFC's fraud. What Pepper knew triggered the prior knowledge exclusions incorporated into ERII's policy, and coverage was excluded. See Ex. at 14. This Court need not revisit the issues or facts

---

* Westport tries to argue that this Court will be required to adjudicate the same issues that the Supreme Court decided and that now are on appeal to the Appellate Division. That, however, is simply not true. See *infra* at 13.

13

which underlie the motion court's decision. Rather, the issue that this Court has to address is whether Westport was required to respond to Pepper's Claim under its Year 1 policy because there was either coverage or potential coverage. If there was such coverage, then Westport owes ERII $10 million. Nothing regarding ERII's Year 3 policy needs to be addressed to resolve those matters.

Finally, Westport argues that this action will waste scarce judicial resources and potentially increase the friction between federal and state legal systems. *See* Westport Br. at 11. To the extent that this may come to pass, Westport created those problems by removing this case to this Court.

Thus, none of the factors which inform the Court's exercise of its discretion under *Wilton* militate toward abstention. Accordingly, for this reason, the failure to satisfy the threshold inquiry regarding parallel actions and the general prohibition that a party may not profit from its own wrongdoing, Westport's motion should be denied.

## CONCLUSION

For the reasons stated, Westport's motion to stay this action should be denied.

Dated: New York, New York
       March 14, 2008

                                                 KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                                                 By: _____
                                                       William B. Pollard, III
                                                       Catherine M. Irwin
                                                       Amy C. Gross

                                                       757 Third Avenue, 18th Floor
                                                       New York, New York 10017
                                                       (212) 418-8600
                                                       Attorneys for Plaintiff-Respondent
                                                       Executive Risk Indemnity Inc.