**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
EXECUTIVE RISK INDEMNITY INC.,     :
                                                 :    Case No. 08 CV 1822
                       Plaintiff,     :    Hon. Denise Cote
                                                 :
             -against-     :
                                                 :
WESTPORT INSURANCE CORPORATION,     :
                                                 :
                       Defendant.     :
------------------------------------------------------------------------X


**DEFENDANT WESTPORT INSURANCE CORPORATION'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY**

**Table of Contents**

Page

PRELIMINARY STATEMENT……………………………………………………………..1

ARGUMENT......................................................................................................................2

    I.    WESTPORT DOES NOT OWE ERII $10 MILLION...................................2

    II.    THE APPLICABLE STANDARD IS THE DISCRETIONARY
            STANDARD SET FORTH IN *WILTON*......................................................5

    III.    WESTPORT'S MOTION ESTABLISHES SATISFACTION OF
            THE APPLICABLE FACTORS TO WARRANT A STAY............................7

    IV.    WESTPORT'S REMOVAL DOES NOT SUPPORT ERII'S
            OPPOSITION TO THE MOTION TO STAY..................................................9

## **Table of Authorities**

**Cases**                                                                                                              Page(s)

*Abercrombie v. Andrew College*,
 438 F.Supp.2d 243 (S.D.N.Y. 2006)..................................................................7

*Allstate Ins. Co. v. State of New York*,
 152 Misc.2d 869 (N.Y.Ct.Cl. Oct. 30, 1991).......................................................4

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*,
 100 N.Y.2d 525 (N.Y. 2003) ...............................................................................3

*Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*,
 No. 06-8237, Not Reported in F.Supp.2d, 2007 WL 1459289
 (S.D.N.Y. May 16, 2007).....................................................................................6

*General Star Inter'l Ind. Ltd. v. Chase Manhattan Bank*,
 No. 01-11379, Not Reported in F.Supp.2d, 2002 WL 850012
 (S.D.N.Y. May 3, 2002).....................................................................................5,9

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005)..............................................................................................9

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*,
 108 F.3d 17, 22 (2nd Cir. 1997).........................................................................5,8

*National Union Fire Ins. Co. v. Ranger Insurance Co.*,
 190 A.D.2d 395 (N.Y. App. 1993).......................................................................3

*Progressive Cas. Ins. Co. v. Liberty Mutual Ins. Co.*,
 No. 91-2477, Not Reported in F.Supp.,1994 WL 704784
 (S.D.N.Y. Dec. 16, 1994).....................................................................................3

*Solkav Solartechnik, Ges.m.b.H. v. Besicorp Group, Inc.*,
 No. 96-442 Not Reported in F.Supp., 1996 WL 282066
 (S.D.N.Y. May 28, 1996).................................................................................7 n. 2

*Village of Westfield v. Welch's*,
 170 F.3d 116 (2nd Cir. 1999)...............................................................................7

*Wilton v. Seven Falls Co.*,
 515 U.S. 277 (1995).....................................................................................*passim*

## **PRELIMINARY STATEMENT**

Executive Risk Indemnity Inc.'s ("ERII") Memorandum in Opposition to Westport Insurance Company's ("Westport") Motion to Stay (hereinafter, "Memorandum") is wrong on both the law and the facts. ERII devotes less than half of its Memorandum to legal analysis and instead uses most of its brief to hurl false accusations, disparaging comments and inaccurate statements at Westport, all of which are wholly irrelevant to the issue of whether this action should be stayed. ERII thus predictably seeks to divert the Court's attention away from the true facts and the applicable case law, which do not support ERII's position.

ERII's Memorandum must be viewed with skepticism because it is replete with falsehoods. Some of the more egregious examples are as follows:

- Contrary to ERII's opening sentence, Westport does not "owe" ERII anything – ERII does not even attempt to explain the basis for its statement, nor could it. The fact is that ERII voluntarily "advanced" Pepper Hamilton $10 million with full knowledge of the earlier state court ruling that ERII had no coverage obligation for the claim. ERII cannot now recover from Westport for its own business decision which it obviously now regrets.[1]

- There is no authority to support the application of *Colorado River* to the issue of a stay of these proceedings where all causes of action are based upon the declaratory relief sought. The only authority ERII cites was taken from dicta in two footnotes in opinions that did not address the issue directly.

- Westport had a Congressionally-mandated right to remove this case to federal court and it is improper to accuse it of being a "wrongdoer" by exercising its right; ERII chose not to oppose removal and may not argue now, in opposition to a Motion to Stay, that the case should not have been removed.

- The current procedural posture of the two pending coverage cases is entirely of ERII's own doing, and is not a result of Westport's actions; ERII, as the plaintiff in both lawsuits, had full control of the allegations pled in both matters and could

---

[1] Moreover, as will be discussed more fully herein, the evidence will show that Pepper Hamilton agreed to reimburse Executive Risk's $10 million advance in the event the Court's ruling on summary judgment is upheld on appeal. Executive Risk cannot seek a double recovery of this same $10 million from Westport. In addition, Westport has a number of defenses to coverage for this claim which are at issue here and in the state court action. It has yet to be established that Westport has any obligation for the claim under any of its policies, and therefore, Westport owes no one for the claim, not its insured Pepper and certainly not Executive Risk, a stranger to Westport's policies issued to Pepper Hamilton.

- have intervened in the first-filed state court action, rather than file a separate action against Westport. Moreover, ERII did not consolidate the two state court actions, which remained on separate tracks.

- A cursory review of Westport's Motion to Stay reveals that (contrary to ERII's allegations) Westport is not seeking to deprive ERII from being heard on its purported causes of action; Westport did not move to dismiss, but rather, contemporaneously filed its Answer and Affirmative Defenses and moved only to stay this second proceeding until the resolution of the first-filed state court action.

- This action and the state court proceedings do indeed involve the same issues of which Westport policy, if any, must respond to Pepper Hamilton's claim; ERII admits as much by stating that its motion for summary judgment in the state court action "assumed that the Year 3 policy was at issue."

- ERII is wrong with respect to its "explanation" of the coverage issues and Westport's position on the issues. The briefing submitted by the parties on the summary judgment motions in the state court action and the subsequent appellate briefs reveal the true posture of the parties in respect of the coverage positions.

When the true facts and the applicable authorities are considered, it is clear that this matter must be stayed in the interests of judicial economy and to avoid the risk of conflicting results.

## ARGUMENT

### I. Westport Does Not Owe ERII $10 Million

The outrageous premise of ERII's opposition, that Westport somehow "owes" ERII $10 million, is false and baseless. Conspicuously absent from ERII's brief are numerous facts which reveal that ERII, not Westport, is attempting to mislead the Court. Chief among the omissions is any attempt whatsoever to articulate a basis for the bald assertion that Westport "owes" ERII $10 million. The fact is that there is no basis for this claim because Westport "owes" ERII nothing.

One of the most significant missing facts is that ERII *voluntarily* paid $10 million after the trial court summary judgment ruling, when ERII was fully informed of the decision that ERII has no obligation to indemnify Pepper for the underlying claims. Another key missing fact is

2

that, after the Court conveyed its coverage ruling to the parties, ERII and Pepper executed a written agreement pursuant to which ERII agreed to "advance" $10 million to Pepper. The agreement set forth the terms and conditions of the advancement. On information and belief, Westport submits that the evidence will show that Pepper agreed to repay ERII the entire $10 million in the event the summary judgment ruling in ERII's favor is upheld on appeal.

These crucial missing facts show that it is not Westport, but Pepper, who potentially "owes" ERII $10 million. ERII should pursue Pepper and not Westport for this money because it is Pepper's obligation to reimburse ERII in the first place. ERII cannot seek double recovery by also pursuing Westport.

Moreover, the law is clear that an insurer may not voluntarily make a payment on behalf of its insured with full knowledge of the fact that it has no coverage obligation and, in the absence of fraud or mistake, seek recovery from another insurer. See, *National Union Fire Ins. Co. v. Ranger Insurance Co.*, 190 A.D.2d 395, 397 (N.Y. App. Div. 1993) (an insurer who settles a claim, with knowledge that it is not obligated under its policy to provide coverage, is a volunteer and may not seek recoupment from another party); *Progressive Cas. Ins. Co. v. Liberty Mutual Ins. Co.*, No. 91-2477, Not Reported in F.Supp.,1994 WL 704784, at *4 (S.D.N.Y. Dec. 16, 1994) (insurer who makes payment when it had no obligation to do so may not recover the payment from another insurer); see also, *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 100 N.Y.2d 525, 526 (N.Y. 2003) (the voluntary payment doctrine bars recovery of payments voluntarily made with full knowledge of the facts).

ERII had full knowledge of the court's ruling that it had no coverage obligation for the underlying claims, yet it voluntarily chose to pay Pepper $10 million anyway. ERII is thus a volunteer and has no right to recover from Westport. ERII elected to make this business decision and must live with it; it may not drop its mistake on Westport's doorstep.

3

Moreover, even if the voluntary payment doctrine did not apply, ERII has not provided any basis for its assertion that Westport "owes" it $10 million, nor could it. Pepper, the insured under Westport's policy, is seeking coverage from Westport, under the same policy in state court. If Pepper prevails, Westport certainly would not have to pay twice for the same claim – once to its own insured and again to ERII, a stranger to Westport's insurance policy.

Even if Pepper's coverage claim was not before the state court, ERII would still have to jump through several hoops before it could claim that Westport "owed" it $10 million – not the least of which is Westport's primary obligation to its own insured Pepper. ERII must prove certain predicate elements, including: (1) that it is not responsible for the claims under its own insurance policies (see, *Allstate Ins. Co. v. State of New York*, 152 Misc.2d 869, 871 (N.Y.Ct.Cl. Oct. 30, 1991) (a party who has settled and seeks indemnification for the settlement payment must show that it was not responsible for the loss)); and, (2) that Westport is obligated to provide coverage for the underlying claims under its Year 1 Policy subject to all terms, conditions and exclusions (see, *Id.*) (party seeking indemnification shifts loss to another party which bears responsibility for the loss)).

Here, the first element is on appeal with the First Department, Appellate Division. Westport disputes the second element, which is an issue pending before the New York Supreme Court that has not been decided. Because there has been no finding that Westport is obligated to respond to the claims, ERII has no basis to assert that Westport "owes" anyone for the claim.

Contrary to ERII's efforts to discredit Westport's valid coverage position (that the underlying claims trigger its Year 3 policy), Westport has not changed its position. Since the time Westport agreed to defend Pepper under the Year 3 policy, and throughout the litigation of the 2005 lawsuit filed by ERII, Westport has consistently asserted its position that Pepper was presented with a "claim" in 2004 and therefore Pepper's first notice to its insurers in 2004 was

4

of a "claim", not a "potential claim." Accordingly, Westport's position has always been that the underlying claim falls within Year 3. This position is supported by facts which ERII omitted, including ERII's own determination at the time that the matter constitutes a "Claim."

Accordingly, the facts conveniently and conspicuously omitted from ERII's brief reveal that the basis for the urgency in ERII's Opposition - that ERII's lawsuit must go forward immediately because Westport "owes" it $10 million – is a complete fabrication.

II.     **The Applicable Standard Is The Discretionary Standard Set Forth In *Wilton***

As set forth in Westport's Motion to Stay, the correct standard to be applied to Westport's Motion is set forth in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). In response, ERII incorrectly implies that Westport is seeking to have this court abstain from these proceedings and dismiss ERII's action. (Memo at 3). Again, this is simply not true. Westport is seeking a limited stay of this second filed, duplicative action only until the original action is concluded. In such circumstances, the *Wilton* factors apply.

ERII mistakenly asserts that *Colorado River* applies to any case "when a party seeks both declaratory relief <u>and</u> damages." However, there is no support for the application of *Colorado River* here because the damages claim is entirely dependant on the outcome of the claim for declaratory relief. See, e.g., *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2nd Cir. 1997); *General Star Inter'l Ind. Ltd. v. Chase Manhattan Bank*, No. 01-11379, Not Reported in F.Supp.2d, 2002 WL 850012, at *7 (S.D.N.Y. May 3, 2002). In *Karp*, the court considered the standard to apply to an abstention motion in a federal insurance coverage action, where a state court coverage case was already pending. 108 F.3d at 21. The insurer argued against the application of *Wilton* on the basis that *Wilton* is limited to actions exclusively brought under the Declaratory Judgment Act. *Id.*. Because the federal court action was premised on the interpleader statute, the insurer argued that *Colorado River* should apply. The Second Circuit

5

rejected the insurer's argument and found that *Wilton* is not so limited in application. The Court applied *Wilton* and ultimately stayed the federal court action.

Similarly, in *General Star*, the parties filed insurance coverage actions in both federal and state court; the federal action involved claims for declaratory relief as well as other claims. *Id*. at * 5. The Court found that the damages sought by the plaintiffs in the non-declaratory claims were contingent on a threshold finding that the insurance policies at issue were void, which was the same basis for the declaratory relief. Therefore, the court was entitled to exercise a greater level of discretion than that afforded in *Colorado River*. Nevertheless, the Court found that even under the stricter *Colorado River* standard, an abstention of the federal action was warranted. *Id.*

The mixed relief cases since *Wilton* that have required application of the *Colorado River* standard involved declaratory judgment actions in which the plaintiff asserted additional claims that do not depend on the success of the declaratory count. See, e.g*., Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*, No. 06-8237, Not Reported in F.Supp.2d, 2007 WL 1459289, at *3 n. 15 (S.D.N.Y. May 16, 2007) (plaintiffs sought damages for breach of contract, unfair competition and trademark infringement which established a basis for jurisdiction independent of the Declaratory Judgment Act").

Here, however, ERII's non-declaratory counts depend entirely on a favorable ruling on the declaration it seeks. Without a predicate declaration that Westport's Year 1 Policy responds, ERII has no claim for damages. Like ERII, Westport has already paid its limits under its Year 3 Policy. The only way for ERII to recoup from Westport is if the higher limits of Westport's Year 1 policy are implicated, which is exactly what ERII asserts in its claim for declaratory relief. Thus, ERII has not asserted any claim independent of the declaratory count which would bring this matter within the ambit of *Colorado River*. Its argument that it seeks non-declaratory relief is a red herring.

6

The only "authority" ERII cites are footnotes containing dicta.[2] The footnote from *Village of Westfield v. Welch's*, 170 F.3d 116, 125 n. 5 (2nd Cir. 1999) does not set forth the court's holding, but in dicta, mentions a different point about *Colorado River*, which is not applicable here where ERII's non-declaratory claims are wholly dependant on the declaration of coverage against Westport. ERII makes a weak attempt to bolster this citation by citing to another footnote in the separate case of *Abercrombie v. Andrew College*, 438 F.Supp.2d 243, 260 n. 18 (S.D.N.Y. 2006). The *Abercrombie* footnote likewise fails to support ERII's argument because, unlike in *Abercrombie*, here the non-declaratory claims are dependant on the outcome of the declaratory action. Moreover, the footnotes are not holdings of the courts, but are mere dicta that cannot override the Supreme Court's statement of the law in *Wilton* and should not be applied outside the context of those decisions.

### III. Westport's Motion Establishes Satisfaction of the Applicable Factors To Warrant a Stay

The fallacy of ERII's argument that the *Wilton* standard is not met because the state case is not a concurrent or parallel proceeding is belied by ERII's own Memorandum. On one hand, ERII argues that the $10 million it voluntarily paid to Pepper (notwithstanding the prior court ruling that ERII had no coverage obligation) should be paid by Westport under Westport's Year 1 policy. On the other hand, ERII admits that the state action already decided that the Year 3 Policy must respond (See, Memo at 5). ERII's own Memorandum thus acknowledges that the issue of which year (if any) of Westport's coverage is triggered is key to both this action and the

---

[2] Executive Risk cites a lengthy block quote from *Solkav Solartechnik, Ges.m.b.H. v. Besicorp Group, Inc.*, No. 96-442, Not Reported in F.Supp., 1996 WL 282066 (S.D.N.Y. May 28, 1996) but fails to offer any analysis of how *Solkav* supports Executive Risk's opposition. *Solkav* is inapplicable because it did not involve a declaratory judgment action, but instead involved a suit to enjoin or stay proceedings pending in state court. Because there was no declaratory relief sought, *Colorado River* applied.

7

state court action, yet it inexplicably argues that the two actions involve issues that are "not the same."

ERII cannot have it both ways – it may not secure a trigger of coverage ruling in one action and then turn around, file a separate lawsuit and attempt to secure a different trigger ruling in the second action under the guise that the issues "are not the same." Here, both cases involve the fundamental question of whether the same policies issued by the same insurer, Westport, must provide coverage for the same claims. ERII's attempt to create differences between the two cases where none exist must be rejected.

This is precisely the type of gamesmanship *Wilton* is meant to prevent. It would be impractical and imprudent judicial administration to allow ERII's action to proceed in this Court while the very same coverage issue is already pending in the state case and has been partially decided.

Contrary to ERII's Memorandum, these actions are parallel because there is an identity of parties and the issues and relief sought are essentially the same. See, e.g., *Karp*, 108 F.3d at 22 (abstention appropriate in federal action where state proceeding would decide issue of coverage which was also primary claim raised in the federal action). ERII also mischaracterizes the rulings already made in the state action by stating that "[n]one of the core factual and legal issues" related to Westport's Year 1 policy were addressed by the state court. (Memo at 2). However, the court ruled on coverage issues that are common to all of the carriers, including that there was no coverage under the ERII Year 3 policy because of an exclusion. This directly impacts the claims against Westport because the decision necessarily incorporated a predicate determination that the underlying claims constituted an actual claim that triggered the Year 3 policies. This determination is far from "irrelevant" to ERII's claim for indemnity under Westport's *Year 1* policy – it is fatal to the claim.

8

Even if *Colorado River* applied, a stay would nevertheless be warranted because those factors are satisfied. As stated in *General Star*, the "cornerstone of the seminal Colorado River decision was the threat of piecemeal litigation." 2002 WL 850012 at *7 (citation omitted.) Of central importance to its determination was the fact that the federal insurance coverage action involved only a subset of the parties involved in the parallel state court action. The court stated:

> Because the other insurance companies are not parties to the present action, there is a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. In other words, a decision from the New York Supreme Court could well preclude claims before this court, but the reverse is not true (because many of the insurance companies, including several of the major insurers, are not parties to the federal case).

*Id*. Where, as here, both actions center around common factual and legal issues regarding insurance coverage under the same policies issued by the same insurer-party to both lawsuits, this action should be stayed to avoid the threat of inconsistent outcomes posed by piecemeal litigation. *Id.*

## IV.     **Westport's Removal Does Not Support ERII's Opposition to the Motion to Stay**

ERII repeatedly asserts the argument that the standards somehow should be disregarded because Westport wrongfully removed the action to federal court. First, Westport committed no "wrongdoing" when it exercised its rights to remove this lawsuit to federal court. It is the right of any defendant who is sued in state court to remove a case to federal court where federal jurisdiction attaches. See, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (recognizing "Congress' basic decision to afford defendants a right to remove as a general matter").

If ERII had a legitimate concern about removal, it would and should have contested the removal; however, it chose not to. It cannot now be heard to complain about Westport's valid exercise of its right to have this matter heard in federal court.

9

Second, ERII cites no authority for the proposition that Westport's motion to stay should be denied because Westport removed the case to federal court. There is no authority for this argument, which should be rejected.

Third, it was ERII, not Westport, who created the potential for conflicting results when it filed a second action regarding the same coverage issues. ERII, as the plaintiff in both proceedings, was in full control of how the actions were pled and determined the course of the proceedings. Moreover, ERII did not consolidate its second lawsuit with the pending suit it filed in 2005. ERII had numerous options to pursue its (unfounded) cause of action against Westport, including intervention in the on-going 2005 action. ERII made the decision to file a separate lawsuit and it cannot pin the blame on Westport.

Accordingly, the only conclusion to be drawn upon application of either the *Wilton* or the *Colorado River* factors is that this federal court action should be stayed in deference to the state court action, which will decide the same issues on which ERII seeks this Court's intervention.

Dated: New York, New York
       March 20, 2008

        GARBARINI & SCHER, P.C.
        /s/ Gregg D. Weinstock
        Gregg D. Weinstock, Esq. (GW-8078)
        432 Park Avenue South, 9th Floor
        New York, New York 10016-8013
        (212) 689-1113

        WALKER WILCOX MATOUSEK LLP
        Robert P. Conlon, Esq.
        Joyce F. Noyes, Esq.
        225 West Washington Street
        Suite 2400
        Chicago, IL 60606-3418
        Telephone:   (312) 244-6700
        Facsimile:    (312) 244-6800

        Attorneys for Defendant
        *Westport Insurance Corporation*