William B. Pollard, III (WBP-9542)
Catherine M. Irwin (CI-7287)
Amy C. Gross (AG-8836)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

*Attorneys for Plaintiff*
*Executive Risk Indemnity Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EXECUTIVE RISK INDEMNITY INC.,                  :
                                                :     08 Civ. 1822 (DLC/AJP)
                           Plaintiff,           :
        -v-                                     :
                                                :
WESTPORT INSURANCE CORPORATION,                 :
                                                :
                           Defendants.          :
----------------------------------------------------------------x

## JOINT RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), and this Court's March 31, 2008 Order, Plaintiff Executive Risk Indemnity Inc. ("ERII") and Defendant Westport Insurance Corporation ("Westport") hereby submit their Joint Rule 26(f)(3) Discovery Plan Report. Counsel for the parties communicated via telephone and electronic mail to confer regarding scheduling and case management issues in this matter as required by Rule 26(f). During these discussions, the parties agreed on a number of matters, subject to the approval of the Court, concerning the scheduling of this case. With respect to the matters set forth in Rule 26(f)(3), the parties respond as follows:

      A.    The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties will exchange Rule 26(a)(1)

Initial Disclosures on or before April 14, 2008, which is within 14 days of the Initial Conference.

        B.     The parties have discussed the subjects on which discovery may be needed with respect to the claims and defenses set forth in the pleadings. The parties propose that all discovery should be completed by November 20, 2008. There is no need for discovery to be conducted in phases or be limited to or focused on particular issues.

        C.     The parties have discussed disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. Those discussions are continuing. In particular, the parties are discussing what can be done, if anything, to lessen any potential burden that may arise from the production of electronically stored information.

        D.     The parties are not aware at this time of any special issues regarding claims of privilege or the protection of trial-preparation materials. The parties do intend to ask the Court to enter an order containing a "clawback" provision to address any inadvertent production of privileged material.

        E.     The parties do not see any need at this time for any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure, or by local rule. The parties also do not see any need at this time for any other limitations on discovery. The parties' views are without prejudice to any future application or applications seeking any such change or limitation.

        F.     The parties do not see any need at this time for the entry of any other order pursuant to Rule 26(c) or Rule 16(b) and (c).

        G.     ERII does not believe at this time that expert testimony will be necessary to the adjudication of the dispute, but reserves the right to offer such testimony. ERII requests that the Court enter an order to the effect that if a party decides to offer expert testimony, it shall promptly

notify the adverse party and engage in good faith discussions to schedule expert discovery in a reasonable manner within the Court's time limit for completing discovery; and that, except for good cause shown, such notification shall be made no later than September 2, 2008. Westport's position is that the pertinent facts and issues have not yet been sufficiently developed to allow Westport to determine whether expert testimony will be necessary to the presentation of its case, and Westport specifically reserves the right to offer such testimony. Westport objects to ERII's requested order regarding expert testimony and further requests that the Court enter an order requiring each party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705 in accordance with the applicable rules and no later than October 20, 2008.

H.      ERII requests that if a dispositive motion is made or pending within thirty days of the close of discovery, any obligation to prepare a pre-trial order, if necessary, be deferred until at least 60 days after the resolution of such motion or motions.

Respectfully submitted,

Dated: New York, New York
       April 3, 2008

Kornstein Veisz Wexler & Pollard, LLP

By: *William B. Pollard III*
    William B. Pollard, III (WBP-9542)
    Catherine M. Irwin (CI-7287)
    Amy C. Gross (AG-8836)

757 Third Avenue, 18th Floor
New York, New York 10017
(212) 418-8600

Attorneys for Plaintiff
Executive Risk Indemnity Inc.

3

Garbarini & Scher, P.C.


By: <u>S/Gregg D. Weinstock</u>
      Gregg D. Weinstock (GW8078)

      432 Park Avenue South, 9th Floor
      New York, New York 10016-8013

      Counsel for Defendant
      Westport Insurance Corporation

and

Walker Wilcox Matousek, LLP

      Robert P. Conlon
      Joyce F. Noyes

      225 West Washington Street, # 2400
      Chicago, Illinois 60606

      Attorneys for Defendant
      Westport Insurance Corporation