William B. Pollard, III (WB-9542)
Catherine M. Irwin (CI-7287)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York  10017
(212) 418-8600

*Attorneys for Plaintiff*
*Executive Risk Indemnity Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
EXECUTIVE RISK INDEMNITY INC.,                           :
                                                         :  08 Civ. 1822 (DLC/AJP)
                              Plaintiff,                 :
        -v-                                              :
                                                         :  **AFFIDAVIT**
WESTPORT INSURANCE CORPORATION,                          :
                                                         :
                              Defendant.                 :
-----------------------------------------------------------------------x
STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

WILLIAM B. POLLARD, III, being duly sworn, deposes and says:

1. I am a member of Kornstein Veisz Wexler & Pollard, LLP, attorneys for Executive Risk Indemnity Inc. ("ERII"), the Plaintiff in this action.

2. I make this affidavit in opposition to Pepper Hamilton LLP's ("Pepper's") suggestions of lack of subject matter jurisdiction and, alternatively, Pepper's motion to intervene and dismiss.

3. On October 12, 2005, ERII filed the state court action against Pepper, W. Roderick Gagné (a partner at Pepper), and Westport Insurance Corporation ("Westport"), seeking a declaration that ERII was not obligated to indemnify Pepper or Gagné under the Year 3 policy for the Underlying

2172092AFFACG 00001 wpd

Actions.

4. Pepper filed a cross-claim against Westport, counterclaims against ERII, and a third party complaint against two other excess insurers, Twin City Fire Insurance Company ("Hartford") and Continental Casualty Company ("CNA"), seeking coverage for the Underlying Actions under either the Year 1 or Year 3 policies.

5. On June 15, 2007, pursuant to agreement, Pepper and ERII exchanged document discovery. At that time ERII produced the non-privileged portions of its underwriting file and claim file for what is known as the Underlying Actions. Attached as Exhibit A hereto is a copy of my June 15, 2007 letter to Joan Lewis, Esq., counsel for Pepper, transmitting ERII's documents to her.

6. Pepper and ERII subsequently agreed to make early motions for summary judgment regarding their coverage disputes, and pursuant to a briefing schedule set by the Court based on that agreement, ERII so moved on June 25, 2007.

7. Hartford cross-moved on grounds similar those asserted by ERII, and CNA cross-moved principally arguing for rescission. Neither Pepper nor Westport made a motion.

8. Before the state motion court decided the summary judgment motions, ERII agreed to advance Pepper $10 million under its Year 3 policy to help fund a settlement of the Underlying Action.

9. Subsequently, the State Court, in an opinion dated September 26, 2007, but not filed until January 4, 2008, granted summary judgment to ERII, Hartford, and CNA, holding that Pepper was not entitled to coverage under their polices for the Underlying Claims.

10. This development did not affect ERII's agreement to advance funds to help Pepper settle the Underlying Actions because Pepper had the right to appealed the summary judgment decision.

11. Pepper did appeal the summary judgment decision, and that appeal was argued before the Appellate Division, First Department on May 20, 2008 and remains *sub judice*.

12. On January 23, 2008, ERII filed the instant action against Westport in New York state court seeking a declaration that Westport's Year 1 policy covered Pepper with respect to the Underlying Actions and seeking recovery from Westport of $10 million that ERII advanced Pepper under its Year 3 policy on theories of equitable indemnification and unjust enrichment.

13. ERII designated its case as related to Pepper's still pending cross-claim against Westport for coverage. However, on February 22, 2008, Westport removed this action to federal court

14. On March 6, 2008, Westport moved for a stay of this action based on prior action pending grounds, which this Court denied during the April 10, 2008 conference with the parties.

15. Commencing in the courtroom immediately after that conference, and continuing until Pepper filed the instant motion, Pepper and Westport, separately and together, repeatedly asked ERII to agree to have this action remanded to the State Court or to defer discovery in this action, or, at least, deposition discovery until Pepper's appeal has been adjudicated.

16. ERII has refused, given Westport's and Pepper's clear desire to seek to stay the prosecution of ERII's claims if they are returned to the State court.

17. As part of this ongoing effort, on April 30, 2008, Pepper's counsel wrote ERII and Westport's counsel, asserting that ERII's claims were direct action claims, and that because of the imputed citizenship rule in 28 U.S.C. § 1332(c)(1), there was no diversity jurisdiction. Pepper asked ERII and Westport to enter a stipulation returning this action to the State court, and requested a reply the next day. A copy of that letter is annexed hereto as Exhibit B.

18. I responded the same day on behalf of ERII, pointing out that ERII had not brought

a direct action against Westport and providing citations to, and copies of, relevant authority, including case law holding that on the instant facts Pepper could not in good faith make a direct action argument. A copy of that letter is annexed hereto as Exhibit C.

    19.    Nevertheless, Pepper made the instant motion on May 16, 2008. For the reasons given herein, and in the accompanying memorandum of law, that motion should be denied.

*/s/ William B. Pollard*
_____
WILLIAM B. POLLARD, III

Sworn to before me this
6th day of June, 2008

*/s/ Amy C. Gross*
_____
NOTARY PUBLIC

AMY C. GROSS
Notary Public, State of New York
No. 02GR6133341
Qualified in New York County
Commission Expires Sept. 12, 20__

EXHIBIT "A"

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640
WWW.KVWP.NET

**William B. Pollard, III**, *Partner*
Admitted in New York and the District of Columbia
WRITER'S DIRECT DIAL: (212) 418-8617
WRITER'S E-MAIL:       WPollard@KVWmail.com

June 15, 2007

**BY HAND**
Joan Lewis, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY  10036-2714

**Executive Risk Indemnity Inc. v. Pepper Hamilton LLP et al.**
(Supreme Court, New York County Index No. 603624-05)

Dear Ms. Lewis:

    As you know, we represent Executive Risk Indemnity Inc. ("ERII"). Delivered herewith are copies of ERII's underwriting file and claim file. The documents have been Bates stamped ERII 000001 to ERII 001960. These documents are being produced pursuant to the confidentiality stipulation and order entered in this civil action. Each document has been stamped "Confidential" and is to be treated as Confidential Material pursuant to that stipulation and order.

    A small amount of material has been redacted or withheld, and we will supply you with a privilege log as quickly as we can. However, that task may not be completed until after we have served ERII's motion for summary judgment on June 25, 2007. ERII also maintained a coverage file. That entire file is privileged, and we will not be producing it. Given the circumstances, we do not believe that we have an obligation to create a privilege log listing each document in that file. However, if you insist upon such a log, we will prepare one for documents created prior to the filing of the instant lawsuit, but that will take some time.

    By copy of this letter, we ask the other parties to contact us if they would like to inspect and/or obtain copies the documents that we have produced today.

Very truly yours,

*/s/ William B. Pollard III*

William B. Pollard, III

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

Joan Lewis, Esq.
June 15, 2007
Page 2

cc:   Robert Conlon, Esq.
      Gregg Weinstock, Esq.
      Samuel B. Mayer, Esq.
      Kevin Mattessich, Esq.
         VIA E-MAIL W/O ENCS.

EXHIBIT "B"

EXHIBIT "B"

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, N.Y. 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | STEPHEN A. GREENE | TELEPHONE: (212) 701-3000 | MICHAEL J. OHLER | GLENN J. WALDRIP, JR. |
| L. HOWARD ADAMS | ROBERT M. HALLMAN | FACSIMILE: (212) 269-5420 | KENNETH W. ORCE | MICHAEL B. WEISS |
| ROBERT A. ALESSI | WILLIAM M. HARTNETT | | DAVID R. OWEN | S. PENNY WINDLE |
| HELENE R. BANKS | CRAIG M. HOROWITZ | | JOHN PAPACHRISTOS | COREY WRIGHT |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | 1990 K STREET, N.W. | LUIS R. PENALVER | DANIEL J. ZUBKOFF |
| GARY A. BROOKS | DAVID G. JANUSZEWSKI | WASHINGTON, D.C. 20006-1181 | ROY L. REGOZIN | ADAM ZUROFSKY |
| SUSAN BUCKLEY | ELAI KATZ | (202) 862-8900 | DEAN RINGEL | |
| KEVIN J. BURKE | THOMAS J. KAVALER | FAX: (202) 862-8958 | JAMES ROBINSON | |
| JAMES J. CLARK | DAVID N. KELLEY | | THORN ROSENTHAL | SENIOR COUNSEL |
| BENJAMIN J. COHEN | EDWARD P. KRUGMAN | | JONATHAN A. SCHAFFZIN | LAWRENCE A. KOBRIN |
| CHRISTOPHER T. COX | JOEL KURTZBERG | AUGUSTINE HOUSE | JOHN SCHUSTER | IMMANUEL KOHN |
| W. LESLIE DUFFY | ALIZA R. LEVINE | 6A AUSTIN FRIARS | MICHAEL A. SHERMAN | |
| ADAM M. DWORKIN | GEOFFREY E. LIEBMANN | LONDON, ENGLAND EC2N 2HA | DARREN SILVER | |
| RICHARD E. FARLEY | MICHAEL MACRIS | (011) 44.20.7920.9800 | HOWARD G. SLOANE | COUNSEL |
| PATRICIA FARREN | ANN S. MAKICH | FAX: (011) 44.20.7920.9825 | LAURENCE T. SORKIN | ANASTASIA EFIMOVA |
| JOAN MURTAGH FRANKEL | JONATHAN I. MARK | | SUSANNA M. SUH | JAY GEIGER |
| JONATHAN J. FRANKEL | GERARD M. MEISTRELL | | GERALD S. TANENBAUM | SAMUEL LICHTMAN |
| BART FRIEDMAN | MICHAEL E. MICHETTI | WRITER'S DIRECT NUMBER | JONATHAN D. THIER | RAND McQUINN* |
| CIRO A. GAMBONI | WILLIAM J. MILLER | | JOHN A. TRIPODORO | |
| WILLIAM B. GANNETT | ATHY A. MOBILIA | (212) 701-3403 | ROBERT USADI | |
| CHARLES A. GILMAN | NOAH B. NEWITZ | | GEORGE WAILAND | |

*ADMITTED IN DC, TX, VA ONLY

April 30, 2008

Re: Executive Risk Indemnity, Inc. v. Westport Insurance Corporation, Case No. 08 CV 01822 (DLC)

Dear Bill and Bob:

  Before you submit any further proposed orders to Judge Cote, or put Pepper to the time and expense of filing a motion, I respectfully request that you both consider whether the federal court presently has jurisdiction over the subject matter of this action. Without prejudice to Pepper's arguments under Federal Rules of Civil Procedure 19 and 24, please consider the following.

  This action is a direct action by ERII against Pepper's primary insurer, Westport, for recovery under policies of liability insurance as to which Pepper is the insured.

  The federal diversity statute, 28 U.S.C. § 1332(c)(1), provides:

> "(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, <u>except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business</u>." (emphasis added)

  Pursuant to the highlighted exception clause in 28 U.S.C. § 1332(c)(1), the citizenship of Defendant Westport is deemed to include that of its insured, Pepper.

  Pepper is a partnership. Its citizenship for purposes of the federal diversity statute is that of the citizenship of each of its partners. *See Handelsman v. Bedford Village Associates Lim-*

CAHILL GORDON & REINDEL LLP

-2-

*ited*, 213 F.3d 48 (2d. Cir. 2000) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners). As I have already represented to Judge Cote, Pepper has partners who are citizens Delaware and New Jersey.

Plaintiff ERII alleges that it is a Delaware corporation with its principal place of business in New Jersey. Pursuant to the federal diversity statute, ERII's citizenship is Delaware and New Jersey. Pursuant to the exception clause in 28 U.S.C. § 1332(c)(1), the citizenship of Defendant Westport is deemed to include that of Pepper, and thus is, *inter alia*, also Delaware and New Jersey. Thus, there is not a complete diversity of citizenship between Plaintiff ERII and Defendant Westport. Subject matter jurisdiction is therefore presently lacking in federal court, whether or not Pepper intervenes as a party.

This action was improvidently removed from state court and should be remanded, where it will be assigned as a related case to the pending NY State Court Action. That is how it was first filed and as it should be.

Please let me know whether you will agree to present a stipulated order to Judge Cote requesting remand to state court. I would like your response tomorrow as you are obligated to report to the Court on Friday.

Sincerely,

Charles A. Gilman

William B. Pollard, III
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017 — via email

Robert P. Conlon
Walker Wilcox Matousek LLP
225 West Washington Street, Suite 2400
Chicago, Illinois 60606 — via email

EXHIBIT "C"

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640

**William B. Pollard, III,** *Partner*
Admitted in New York and the District of Columbia
WRITER'S DIRECT DIAL:   (212) 418-8617
WRITER'S E-MAIL:        WPollard@KVWmail.com

April 30, 2008

**VIA E-MAIL AND REGULAR MAIL**
Charles A. Gilman, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005

**Executive Risk Indemnity Inc. v. Westport Insurance Company**
**08 Civ. 1822 (DLC/AJP) USDC/SDNY**

Dear Charlie:

    We have your letter of even date regarding subject matter jurisdiction in the *Westport* action. We disagree. Executive Risk has not brought a direct action against Westport. *See, Rosa v. Allstate Ins. Co.* 981 F.2d 669 (2d Cir. 1992) and *Blake v. Nat'l Casualty Co.*, 607 F.Supp. 189 (C.D.Cal. 1984), copies of which are enclosed.

Very truly yours,

*Bill*

William B. Pollard, III

cc:    Sheila Glackin, Esq.
       Robert Conlon, Esq.
         VIA E-MAIL W/ENC.

2172092LETWBP.00006.wpd