William B. Pollard, III (WBP-9542)
Catherine M. Irwin (CI-7287)
Amy C. Gross (AG-8836)
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York  10017
(212) 418-8600

*Attorneys for Plaintiff*
*Executive Risk Indemnity Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

EXECUTIVE RISK INDEMNITY INC.,            :
                                          :        08 Civ. 1822 (DLC/AJP)
                    Plaintiff,            :
                                          :
          -v-                             :
                                          :
WESTPORT INSURANCE CORPORATION,           :
                                          :
                    Defendant.            :

---------------------------------------------------------------------x


PLAINTIFF EXECUTIVE RISK INDEMNITY INC.'S MEMORANDUM OF
LAW IN OPPOSITION TO PEPPER HAMILTON LLP'S SUGGESTION OF
LACK OF SUBJECT MATTER JURISDICTION AND, ALTERNATIVELY,
PEPPER HAMILTON LLP'S MOTION TO INTERVENE AND TO DISMISS

## Table of Contents

Page(s)

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I      Pepper is Not Properly Adverse to ERII in this Action . . . . . . . . . . . . . . . . . . . . . 5

    II     ERII's Claim is Not a Direct Action Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    III    Pepper is Not Entitled to Intervene as a Matter of Right . . . . . . . . . . . . . . . . . . . 13

    IV    Pepper is Not an Indispensable Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## Table of Authorities

**Page(s)**

<u>Cases</u>

*American Home Assurance Co. v. Babcock & Wilcox Co.,*
   No. 06-CV-6505, 2007 WL 4299847 (E.D.N.Y. Dec. 6, 2007) . . . . . . . . . . . . . . . . . . 17

*All State Vehicles v. Allstate Ins. Co.,*
   620 F. Supp. 444 (S.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bass & Ullman, P.C. v. Government Employees Ins. Co.,*
   No. 94 Civ. 3428, 1994 WL 584554 (S.D.N.Y. Oct. 24, 1994) . . . . . . . . . . . . . . . . . . 12

*Blake v. Nat'l Casualty Co.,*
   607 F. Supp. 189 (C.D. Ca. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

*Brennan v. New York City Board of Education,*
   260 F.3d 123 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Catanzo by Catanzo v. Wing,*
   103 F.3d 223 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Corn v. Precision Contracting, Inc.,*
   226 F. Supp. 2d 780 (W.D.N.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*D.H. Blair & Co., Inc. v. Gottdiener,*
   462 F.3d 95 (2d Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*DiSorbo v. Hoy,*
   343 F.3d 172 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Elom v. Fidelity & Guaranty Ins. Co.,*
   208 F. Supp. 2d 867 (N.D. Oh. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Exxon Mobil Corp. v. Allapattah Services, Inc.,*
   545 U.S. 546 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Frierson-Harris v. Hough,*
   2006 WL 3511881 (S.D.N.Y., 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Page(s)

*Guthrie Clinic Ltd. v. Travelers Indemnity Co. of Il.*,
    104 Fed. Appx. 218, 2004 WL 1465688 (3d Cir. Jan. 29, 2004) .................. 17

*Ionian Shipping Co. v. British Law Ins. Co.*,
    426 F.2d 186 (2d Cir. 1970) ............................................... 10

*Landis v. North America No.*,
    299 U.S. 248 (1936) ..................................................... 8

*Maricco v. Meco Corp.*,
    316 F. Supp. 2d 524 (E.D. Mich. 2004) .................................. 7, 9

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
    170 F.3d 1373 (2d Cir. 1999) ............................................. 6

*Picciotto v. Continental Casualty Co.*,
    512 F.3d 9 (1st Cir. 2008) ............................................... 17

*R.L. Vallee, Inc. v. American Int'l Specialty Lines Ins. Co.*,
    431 F. Supp. 2d 428 (D. Vt. 2006) ...................................... 12

*Rosa v. Allstate Ins. Co.*,
    981 F.2d 669 (2d Cir. 1992) .......................................... 10-12

*Scott v. Progressive Casualty Ins. Co.*,
    No. CV486-256, 1987 U.S. Dist. LEXIS 6198 (S.D. Ga. June 29, 1987) ........... 12

*Shimkin v. Tompkins, McGuire, Wachenfeld & Barry*,
    2003 WL 21964959 (S.D.N.Y. 2003) .................................... 16, 17

*Sta-Rite Indus., Inc. v. Allstate Ins. Co.*,
    96 F.3d 291 (7th Cir. 1996) ............................................. 17

*U.S. v. Lauer*,
    242 F.R.D. 184 (D. Conn. 2007) .......................................... 9

*Vargas v. City of New York*,
    377 F.3d 200 (2d Cir.2004) ............................................. 14

Page(s)

Other Authorities

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 11

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8

Fed. R. Civ. P. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

N.Y. Insurance Law § 3420(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## PRELIMINARY STATEMENT

The pending motion to intervene and dismiss by prospective intervener Pepper Hamilton LLP ("Pepper") is a cynical effort to derail plaintiff Executive Risk Indemnity Inc.'s ("ERII") effort to recover $10 million that defendant Westport Insurance Corporation ("Westport") should have advanced Pepper and W. Roderick Gagné, a Pepper partner, to settle what are known as the Underlying Actions.

For reasons presently known only to Pepper and Westport, neither wants discovery to go forward in this action, and both desperately want it returned to New York State Supreme Court, where they can renew the effort to have it stayed. Westport's attempt to have this case stayed failed. Subsequently, ERII rejected repeated requests by Pepper and Westport to return this action to State court, or to delay discovery. Thus, faced with the immediate prospect of discovery that neither it nor Westport wants, Pepper moves to intervene not to protect its interests, but to seek dismissal of this case based on arguments that this Court does not have subject matter jurisdiction, which Pepper knows have no merit.

There is no dispute that this Court has subject matter jurisdiction over this action because ERII and Westport are diverse. Nothing that Pepper proposes to do as intervener can or will disturb that jurisdiction. Pepper's argument that diversity is lost because it seeks to assert a cross-claim[*] for Year 3 coverage against ERII in its proposed Complaint in Intervention (the "Intervention Complaint") fails for the simple reason that that claim is barred by *res judicata*. That dispute has already been adjudicated in the New York State court, and a final judgment has been entered that ERII has no obligation to afford Pepper coverage under its Year 3 policy. Thus, not only is there a

---

[*] As discussed below, Pepper and ERII, properly aligned, are plaintiffs asserting claims against Westport. Thus, Pepper's proposed claim against ERII is a cross-claim.

fatal defect in Pepper's argument, but Pepper also has no good faith basis to make it or propose an already adjudicated claim against ERII.

Even if the Year 3 coverage claim was not barred, it is Pepper's obligation to establish a jurisdictional basis for this Court to hear that claim. Its failure to do so does not affect the Court's existing jurisdiction, but only precludes adding the proposed new claim to the pending action. Pepper not only refuses to properly acknowledge this, but also gives a twisted reading to the supplemental jurisdiction statute, 28 U.S.C. § 1367(b), in an effort to wrest ERII's case from this Court. Simply put, the Court's diversity jurisdiction to hear ERII claims against Westport and, if the Court permits intervention, Pepper's claim against Westport, is not destroyed because there is no jurisdiction to also hear Pepper's proposed cross-claim against ERII.

There is no merit to Pepper's argument that diversity fails because of the direct action imputed citizenship rule in 28 U.S.C. § 1332(c)(1). ERII's claims against Westport are not direct action claims because those claims do not seek to hold Westport responsible for its insureds' (Pepper and Gagné's) wrongful conduct. Rather, ERII seeks to hold Westport liable for its own misconduct, and it is that conduct which gave rise to ERII's claims in this action.

The wrongful conduct at issue is Westport's refusal to recognize Pepper's claim under its Year 1 policy and wrongly entangling ERII in a coverage dispute which resulted in ERII advancing Pepper $10 million -- which Westport should have advanced -- to help Pepper settle the Underlying Actions. As such, ERII's effort to recover that $10 million advance from Westport is not a direct action claim. Pepper knows this because, before it made its motion, ERII provided it with the cases saying so, including *Blake v. Nat'l Casualty Co.*, 607 F. Supp. 189, 191 (C.D. Ca. 1984). Indeed, in *Blake*, the court imposed sanctions upon counsel for advancing the very argument Pepper makes

2

here.

The other arguments that Pepper makes are equally meritless. Pepper is not entitled to intervene as a matter of right, nor is it a necessary and indispensable party without whom this action cannot go forward. Quite the contrary -- in the instant dispute, ERII seeks indemnification from Westport for funds already advanced to Pepper. As such, ERII's interests and Pepper's interests concerning the Year 1 coverage issue are the same, and ERII has the same 10 million reasons that Pepper has to prevail on that issue. More important, the adjudication of the dispute between ERII and Westport in this Court without Pepper cannot adversely affect Pepper's claims for coverage against Westport in the State court, and nothing that Pepper may say can change that immutable fact.

## STATEMENT OF FACTS

Pepper summarizes the "facts" based upon the allegations in its Intervention Complaint. These allegations, obviously, are pled in a manner to flatter Pepper's position, and some are simply wrong.[*] But the Court need not referee any factual disputes on this motion because the core questions can be resolved upon a set of undisputed facts.

On October 12, 2005, ERII filed the State court action against Pepper, Gagné, and Westport, seeking a declaration that ERII was not obligated to indemnify Pepper or Gagné under the Year 3 policy for the Underlying Actions. Pollard Aff., ¶ 3. Pepper filed a cross-claim against Westport, counterclaims against ERII, and a third party complaint against two other excess insurers, Twin City

---

[*] For example, on page 5 of Pepper's brief, Pepper writes, "While Westport provided some documents, the three excess insurers objected to discovery and moved for summary judgment." That statement, as Pepper knows, is false. On June 15, 2007, pursuant to their agreement, Pepper and ERII exchanged document discovery . *See* ¶ 5 and Exhibit A, Affidavit of William B. Pollard, III dated June 6, 2008 ("Pollard Aff.").

3

Fire Insurance Company ("Hartford") and Continental Casualty Company ("CNA"), seeking coverage for the Underlying Actions under either the Year 1 or Year 3 policies. *Id.* at ¶ 4.

Pepper and ERII subsequently agreed to make early motions for summary judgment regarding their coverage disputes and, pursuant to a briefing schedule set by the Court based on that agreement, ERII so moved on June 25, 2007. Pepper decided that it would not make any such motion. Hartford cross-moved on grounds similar to those asserted by ERII, and CNA cross-moved principally arguing for rescission. Westport made no motion. *Id.* at ¶¶ 6-7.

Before the State motion court decided the summary judgment motions, ERII agreed to advance Pepper $10 million under its Year 3 policy to help fund a settlement of the Underlying Action. *Id.* at ¶ 8. Subsequently, the State court, in an opinion dated September 26, 2007, but not filed until January 4, 2008, granted summary judgment to ERII, Hartford, and CNA, holding that Pepper was not entitled to coverage under their polices for the Underlying Claims. This development, however, did not affect ERII's agreement to advance funds to help Pepper settle the Underlying Actions because Pepper was entitled to appeal the summary judgment decision. Pepper did appeal, and that appeal was argued before the Appellate Division, First Department on May 20, 2008 and remains *sub judice.** *Id.* at ¶¶ 9-11.

On January 23, 2008, ERII filed the instant action against Westport in New York State court seeking a declaration that Westport's Year 1 policy covered Pepper with respect to the Underlying Actions and seeking recovery from Westport of its $10 million advance to Pepper on theories of equitable indemnification and unjust enrichment. ERII designated its case as related to Pepper's still

---

    * Reversal by the Appellate Division or further appeal by either party will not affect this Court's subject matter jurisdiction, as discussed *infra* at 9.

4

pending cross-claim against Westport for coverage. However, on February 22, 2008, Westport removed this action to Federal court, and, on March 6, 2008, moved for a stay based on prior action pending grounds, which this Court denied during the April 10, 2008 conference with the parties. *Id.* at ¶¶ 12-14.

Commencing in the courtroom immediately after that conference, and continuing until Pepper filed the instant motion, Pepper and Westport repeatedly sought ERII's agreement to return this action to the State court or to defer discovery, or at least deposition discovery, until Pepper's appeal has been adjudicated. Given Westport's and Pepper's clear desire to have this action stayed if it is returned to the State court, ERII refused. *Id.* at ¶¶ 15-16. As part of that effort, on April 30, 2008, Pepper asked ERII and Westport to enter a stipulation returning this action to the State court and requested a reply the next day. Pepper contended that ERII's claims were direct action claims, and, because of the imputed citizenship rule in 28 U.S.C. § 1332(c)(1), there was no diversity jurisdiction. ERII responded the same day, and provided Pepper cases that established that ERII had not brought a direct action against Westport. Those cases also established that, on the instant facts, Pepper could not in good faith make a direct action argument. *Id.* at ¶¶ 17-19, Exs. B and C. Nevertheless, Pepper made the instant motion on May 16, 2008.

## ARGUMENT

I

### Pepper is Not Properly Adverse to ERII in this Action

Pepper has no Year 3 claim to assert against ERII because that claim has already been adjudicated, and a final judgment has been entered against Pepper in the State court action. Thus,

5

Pepper's proposed claim is barred by *res judicata*. That Pepper appealed that judgment does not

suspend the long-settled rule that *res judicata* applies unless and until the judgment is overturned

on appeal. *See, e.g., DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) ("the mere pendency of an

appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a

party to that judgment in a second proceeding") (quotation omitted); *Pharmacia & Upjohn Co. v.*

*Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381 (2d Cir. 1999) (same).

Accordingly, the sole predicate for Pepper's jurisdictional argument falters because it cannot

assert the claim which it contends would destroy diversity jurisdiction for this action.[*]

Pepper's jurisdictional argument fails for another reason. Its intervention in this action, if

granted, does not disturb the Court's existing diversity jurisdiction. Pepper is not adverse to ERII

in ERII's dispute with Westport, and Pepper does not contend otherwise. In addition, there is

diversity jurisdiction to hear Pepper's coverage claim against Westport. So, there is no bar to adding

that claim if the Court permits intervention. If this were to occur, ERII and Pepper would both be

plaintiffs *vis-a-vis* Westport -- but for different reasons.[**] As such, Pepper's intervention and

assertion of a claim against Westport does not affect the Court's subject matter jurisdiction.

Moreover, at that point, nothing more is necessary to accommodate Pepper's alleged need to protect

its supposed interest in ERII's claims to recover its $10 million advance from Westport. Pepper,

---

[*] If Pepper's motion to intervene is denied, the jurisdictional issues are moot. If Pepper is
allowed to permissively intervene, the Court may bar Pepper from asserting any claims against ERII
as a condition of such intervention. *See infra* at 9.

[**] ERII does not contend, as Pepper knows, that it is entitled to twice collect its $10 million
advance, once from Westport and a second time from Pepper. If Pepper advances that argument on
reply, it is a red herring.

however, recognizes that only suing Westport will not accomplish its true purpose, which is to force the dismissal of this action.

Thus, Pepper also proposes to assert a <u>new claim</u> against ERII which is not only barred by *res judicata*, but also unnecessary for the supposed protection of its interest in this action. Pepper then argues that its proposed claim against ERII would destroy diversity jurisdiction over the entire action. Pepper's argument, however, does not hold water.

If Pepper also wants to pursue an unrelated cross-claim against ERII for Year 3 coverage under ERII's policy, it must establish an independent jurisdictional basis for the Court to hear that claim. This it cannot do because of the lack of diversity or supplemental jurisdiction (*see* 28 U.S.C. §§ 1332, 1367). That lack of jurisdiction, however, has no effect on the Court's pre-existing subject matter jurisdiction to hear ERII's claims against Westport or, if permitted, Pepper's proposed claim against Westport. *See Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 528 (E.D. Mich. 2004) (allowing plaintiff intervening pursuant to Rule 24(a) to assert claim that did not disturb diversity jurisdiction but denying leave to assert claim that would destroy diversity on the ground that there was no jurisdiction to hear it). Thus, Pepper's argument that its intervention destroys diversity fails again.

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), does not help Pepper. There, the issue was whether the court could exercise supplemental jurisdiction over claims by plaintiffs who do not meet the amount-in-controversy requirement, "provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy." *Id.* at 549. In finding that supplemental jurisdiction did exist as to the additional

plaintiffs, the court made the following point concerning amount-in-controversy and diversity jurisdiction:

> In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action.  Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.
>
> In contrast to the diversity requirement, most of the other statutory prerequisites for federal jurisdiction, including the federal-question and amount-in-controversy requirements, can be analyzed claim by claim.

*Id.* at 554.  What the Court said, however, does not change the claim by claim analysis that still applies when, as here, a (proposed) party seeks to add a <u>new claim</u> where original jurisdiction over the action already exists, and is not otherwise disturbed by the intervener.  In such a situation, the issue is only whether the Court has jurisdiction to hear the proposed claim.

This Court already has "original jurisdiction over at least one claim in the action," *Exxon Mobil*, 545 U.S. at 549, which is not lost by allowing Pepper to intervene and assert a claim against Westport.  Any inability to add Pepper's proposed cross-claim against ERII has no effect on the Court's existing diversity jurisdiction to hear what is properly before it.[*]  Further, the bar to supplemental jurisdiction under 28 U.S.C. § 1367(b) extends only to "<u>claims</u> by persons proposed to be joined as plaintiffs under Rule 19 . . . or seeking to intervene as plaintiffs under Rule 24" (emphasis added).  It does not say that the lack of such supplemental jurisdiction to add a new claim

---

[*]     This is particularly so when there is no good faith basis to assert the non-diverse claim because it is unnecessary to "protect" Pepper's supposed interests regarding ERII's claim against Westport, and is barred by *res judicata*.  Further, the Court has the inherent power to control its own docket, *see, e.g., Landis v. North America No.*, 299 U.S. 248, 254 (1936), and can use this power to prevent parties from manipulating their claims to destroy jurisdiction to gain a litigation advantage.

destroys jurisdiction to hear the claims of the diverse parties. This is precisely how the court in *Maricco* addressed the same issue raised here.

The *Maricco* court permitted intervention as of right, but allowed the plaintiff in intervention only to assert the claim necessary to protect its interest, which did not affect jurisdiction, and barred plaintiff from asserting a claim which was both unnecessary to protect its interest and would adversely affect jurisdiction. In doing so, the Court said that "it is not essential that BCBSM intervene in this action in order to [pursue the claim which would destroy diversity], because BCBSM's interest in this regard may be adequately protected through the commencement of a separate action." 316 F. Supp. 2d at 528, n 5. *See also Exxon Mobil*, 545 U.S. at 552-57 (substantively analyzing supplemental jurisdiction over "claims," rather than over "parties").

The same can be said here. There is no need, let alone an essential need, for Pepper to pursue a Year 3 coverage claim against ERII to protect its purported interest in ERII's indemnification and unjust enrichment claims against Westport. Pepper, certainly, made no such showing in its moving papers. Further, if the State court judgment is reversed, and the matter returned to the trial court after all appeals are exhausted, Pepper can pursue its coverage claim against ERII in that separate action. Accordingly, Pepper's effort to derail this action on jurisdictional grounds should be rejected.

We note with interest that Pepper did not make an alternative argument seeking permissive intervention. Had it sought to do so and the Court agreed, Pepper could intervene to "protect" its supposed interest in the dispute between ERII and Westport. However, the Court also could have used its broad discretion to require, as a condition of intervention, that Pepper not assert any claim that purportedly would effect this Court's jurisdiction, and to pursue any claim against ERII for Year 3 coverage in the State court action if that ever became necessary. *See U.S. v. Lauer*, 242 F.R.D.

9

184, 185 (D. Conn. 2007) ("Where appropriate [in granting permissive intervention], the district court may set such limits or 'conditions [as are] necessary to "efficient conduct of the proceedings."' *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191-92 (2d Cir. 1970) (citations omitted)."). Pepper's failure to seek permissive intervention only confirms that its true intention has nothing to do with "protecting" its interest in this action.

## II

### ERII's Claim is Not a Direct Action Claim

It is settled law in this Circuit that ERII's complaint does not assert a direct action claim. Rather, ERII seeks to recover from Westport funds ERII advanced under its Year 3 policy on the ground that Westport's Year 1 policy should have responded to Pepper's claim. The wrong about which ERII complains is Westport's wrongful conduct in shifting onto ERII a responsibility Westport owed to Pepper. Therefore, ERII's equitable indemnification and unjust enrichment claims are based on Westport's own wrongful actions, not on any conduct for which Pepper could be held liable. As the Second Circuit has made clear:

> the [direct action] proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith. . . . Courts have uniformly defined the term "direct action" as used in this section [1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. . . . unless the cause of action urged against the insurance company is of such a nature that <u>the liability sought to be imposed could be imposed against the insured, the action is not a direct action.</u>

*Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992) (quotation omitted; emphasis added).

A direct action requires a very specific posture by the parties. It is not enough for a plaintiff to sue a third party's insurer. Rather, the plaintiff must claim actual injury at the hands of the insured and, through the direct action, seek redress for <u>that injury</u> from the insurer. Thus, the only proper claim in a direct action is one that plaintiff could have brought against the insured. This excludes any action against the insurer based upon breach of the insurance contract or relating to indemnity among insurers -- the very premises of ERII's action against Westport.

Congress enacted 28 U.S.C. § 1332(c) to block an end-run around the diversity statute, not to bar disputes between insurers from the federal courts. It enacted the initial version of § 1332(c) in 1958 to curtail the large number of diversity suits created by the previous broader version of corporate citizenship. *Rosa,* 981 F.2d at 672. A direct action statute in Louisiana led to a further narrowing of diversity jurisdiction in 1964:

> The [Louisiana] statute was designed to eliminate the necessity of two lawsuits: the first in which the victim sued the insured, and the second in which - if the victim prevailed on the merits - the insured would seek indemnity from his insurer. . . . In 1964, in direct response to a large number of "direct action" cases brought in the federal district courts in Louisiana that "[did] not come within the spirit or the intent . . . of the diversity jurisdiction of the Federal judicial system," S.Rep. No. 1308, 88th Cong., 2d Sess. 7 (1964), *reprinted in* 1964 U.S.C.C.A.N. 2778, 2784, Congress amended § 1332(c) to provide that in a "direct action against the insurer of a policy or contract of liability insurance," where the "insured is not joined as a party-defendant," the citizenship of the insured would be attributed to the insurer.

*Rosa*, 981 F.2d at 672-73. Here, ERII has not sued Westport for any injury for which ERII could have sought redress from Pepper. ERII, therefore, has not brought a direct action as Congress envisioned it.

Similarly, in New York State, direct actions are codified under Insurance Law § 3420(b), which limits the right to bring such actions to someone who:

> has obtained a judgment against the insured . . . for damages for injury sustained or loss or damage occasioned during the life of the policy or contract; . . . has obtained a judgment against the insured . . . to enforce a right of contribution or indemnity, or any person subrogated to the judgment creditor's rights under such judgment; and . . . any assignee of a judgment . . .

Plainly, ERII has not brought a direct action as Congress, the Second Circuit, or the State of New York have defined one. Just as plainly, ERII's action against Westport is based on Westport's independent wrongful actions and the injuries that Westport has caused ERII. As such, Pepper's diversity argument "is not well grounded in law, as it is directly opposed by controlling precedent." *Blake v. Nat'l Casualty Co.*, 607 F. Supp. 189, 191 (C.D. Ca. 1984).[*] Indeed, in *Blake*, the court imposed sanctions upon plaintiff's attorney for advancing an argument based on destruction of diversity where the claims sounded in breaches of statutory duties and the duty of good faith and fair

---

[*] Pepper's authority lends it no aid. The cases Pepper cites limiting direct actions to traditional tort claims (*see* Pepper Br. at 8 n.6), of course, support ERII's position. *See R.L. Vallee, Inc. v. American Int'l Specialty Lines Ins. Co.*, 431 F. Supp. 2d 428, 434 (D. Vt. 2006); *Corn v. Precision Contracting, Inc.*, 226 F. Supp. 2d 780, 783 (W.D.N.C. 2002); *Bass & Ullman, P.C. v. Government Employees Ins. Co.*, No. 94 Civ. 3428, 1994 WL 584554, at *2 (S.D.N.Y. Oct. 24, 1994). The cases Pepper claims expand the direct action to any direct claim against an insurer (*see* Pepper Br. at 9 n. 7), however, are similarly unavailing. *Elom v. Fidelity & Guaranty Ins. Co.*, 208 F. Supp. 2d 867, 869-71 (N.D. Oh. 2002), dealt specifically with a state law permitting an injured plaintiff to seek recovery from his employer's uninsured and underinsured motorist coverage. In so doing, the Ohio District Court quoted at length a Sixth Circuit case dealing with no fault insurance. That situation is inapposite and, in any event, cannot override *Rosa*'s controlling precedent in the Second Circuit liming direct actions. *Scott v. Progressive Casualty Ins. Co.*, No. CV486-256, 1987 U.S. Dist. LEXIS 6198, at *5-6 (S.D. Ga. June 29, 1987), similarly deals with a state law, this one merely providing that suit against a motor carrier's insurer for injuries caused by the motor carrier (in other words, a suit against an insurer based on the acts of the insured) technically sounds in contract under Georgia law. *All State Vehicles v. Allstate Ins. Co.*, 620 F. Supp. 444, 446 n.3 (S.D.N.Y. 1985), as Pepper admits, did not even reach this issue.

12

dealing by the insurer, noting that plaintiff's counsel had been (as is the case with Pepper's counsel) warned of its argument's deficiencies in a letter citing the controlling case law.

Pepper's direct action argument, therefore, is not simply wrong, but is made without a good faith basis.

III

**Pepper is Not Entitled to Intervene as a Matter of Right**

Pepper is not a necessary or indispensable party to this Court's adjudication of the dispute between ERII and Westport. Thus, there is no basis to allow Pepper to intervene as of right. Pepper's goal in seeking to intervene, moreover, is not to protect any supposed interest that it might have concerning ERII's claims against Westport, but to have this action dismissed so that Westport and Pepper can start afresh in their attempts to stall discovery and retard ERII's prosecution of its claims. Accordingly, Pepper's motion to intervene should be denied, which also will render moot Pepper's jurisdictional arguments.

Under Rule 24(a)(2), Pepper must satisfy four elements to intervene as of right: it must (1) file a timely application, (2) demonstrate an interest in this action; (3) show that this interest would be impaired by an unfavorable disposition, and (4) have an interest not otherwise protected by the parties already a part of the action. *Brennan v. New York City Board of Education*, 260 F.3d 123, 128-29 (2d Cir. 2001); *Catanzo by Catanzo v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996). Failure to satisfy even one of these elements is grounds for denial of the application to intervene. *Catanzo*, 103 F.3d at 232.

13

ERII does not dispute that Pepper's application is timely. However, with respect to the other three elements, Pepper's motion fails. Pepper has no interest in ERII's indemnification and related claims against Westport. To avoid this deficiency, Pepper seeks to replicate the State court coverage dispute by proposing to sue Westport and ERII for coverage, and then claiming that it must participate in this action to protect its coverage rights. Indeed, Pepper goes so far as to propose a claim that is barred by *res judicata* in its desperate effort to create an "interest" in this action.

The most glaring defect in Pepper's argument is its contention that an unfavorable disposition in this action will "impair" it. This simply is not so, and Pepper, tellingly, fails to explain how it could be impaired if issues in this action are decided adversely to ERII.[*] Pepper is not a party in this action. Rather, it has sued Westport for coverage in the State court action. Thus, Pepper will not be bound by any disposition in this action that it considers unfavorable if it is not joined as a party. As this Court has held:

> "Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 112 (2d Cir.2006) (citation omitted). . . .
>
> Under New York law, collateral estoppel, or issue preclusion, occurs if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." [*Vargas v. City of New York*, 377 F.3d 200, 205-06 (2d Cir.2004).]

*Frierson-Harris v. Hough*, 2006 WL 3511881, 1 (S.D.N.Y., 2006).

---

[*] Pepper chose to make numerous conclusory arguments in its moving papers, including its "impairment" argument. ERII objects strongly to any effort by Pepper to say in reply papers what it should have said in its moving papers.

14

Unless Pepper becomes a party to this action through intervention, neither collateral estoppel nor *res judicata* will bar it from litigating in its State court action any issue that is decided in this action. Conversely, Westport may be collaterally estopped in the State court action, but that is a risk that Westport knowingly chose by removing this action.

Finally, Pepper argues that its interest in ERII's claims against Westport is not protected by either party because neither Westport nor ERII has Pepper's interest at heart, given that both disclaimed coverage for the Underlying Actions. That argument, utterly and purposefully, misses the point of this litigation. ERII's claims against Westport concerning Westport's Year 1 obligation align with Pepper's State court cross-claim against Westport for coverage. If ERII prevails, that can only provide Pepper with a risk-free benefit in its pursuit of coverage from Westport. If ERII fails, as demonstrated above, Pepper is not bound by the failure unless it has intervened in this action.

## IV

## Pepper is Not an Indispensable Party

For the same reasons argued above, Pepper is not a necessary party to this litigation pursuant to Rule 19(a). Its absence from this action will not impair or impede its ability to protect its coverage interests, and there is no risk that this action will leave ERII subject to multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). To the extent that Westport may be exposed to multiple or inconsistent obligations, that is a risk it assumed by removing this action.

Pepper mis-frames the issue by contending that the "crux" of the dispute between ERII and Westport involves "which of Pepper's insurance programs applies." *See* Pepper Br. at 11. First, it has already been adjudicated that ERII has no obligation to Pepper under its Year 3 policy. Second,

15

ERII's claims do not interfere with Pepper's right to adjudicate its claim to coverage in the State court action, which involves more than the $10 million that ERII seeks to recover. Third, as discussed above, nothing that is decided in this action will prejudice Pepper in the State court action unless Pepper intervenes as a party.

*Shimkin v. Tompkins, McGuire, Wachenfeld & Barry*, 2003 WL 21964959 (S.D.N.Y. 2003), is not to the contrary as Pepper contends. That case involved whether a "side letter" should be released pursuant to a settlement agreement. One of the parties sued the escrow agent for the release of the letter. However, the other party to the contract was not a party to the litigation. This Court ruled that the missing party was essential because that party's rights would be determined through the litigation before the Court. That, of course, is not the case here, as discussed above, because of the separate State court action. Further, if ERII prevails, any payment to it by Westport will go toward Pepper's obligation to repay ERII for its advance.

Nor is Pepper indispensable under Rule 19(b). While ERII admits that it would have an adequate remedy if this action were, wrongly, remanded to State court for lack of diversity, subparagraphs (1) through (3) of Rule 19(b) as applied here indicate that equity and good conscience would not be disturbed by this action going forward without Pepper.

First, as set forth in Section III, *supra*, Pepper will not be prejudiced by any judgment rendered in this action. Pepper has its own coverage action against Westport in the State court. Nothing that occurs here will adversely affect Pepper if it is not a party to this action.

Second, because this action presents no danger of prejudice to Pepper, the shape of relief and the possibility of protective orders are irrelevant. In any event, if ERII prevails, to the extent that

Pepper is not satisfied by any contractual provisions barring double payment, this Court has the power to address Pepper's concerns if ERII was to seek double payment for its advance.

Third, a judgment rendered in Pepper's absence would be adequate. Pepper's presence is not necessary for Westport to make ERII whole via indemnification for Westport's wrongful conduct.

Pepper's case law does not cure the disconnect between Pepper's remaining dispute with Westport and the issues ERII and Westport are litigating in this Court. *American Home Assurance Co. v. Babcock & Wilcox Co.*, No. 06-CV-6505, 2007 WL 4299847 (E.D.N.Y. Dec. 6, 2007), and *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 291 (7th Cir. 1996), both involved coverage disputes in which the insured directly participated, which the courts found required additional insurers' participation to make a complete determination of coverage, rather than a separate contractual or indemnification action between insurers independent of the dispute with the insured. Pepper's other authority is even less helpful to the instant facts. *See Shimkin v. Tompkins, McGuire, Wachenfeld & Barry*, No. 02 Civ.9731(DLC), 2003 WL 21964959, at *4 (S.D.N.Y. Aug. 19, 2003) (action to compel release of letter from escrow; indispensable party was a party to the escrow agreement concerning the letter that plaintiff sought to release); *Picciotto v. Continental Casualty Co.*, 512 F.3d 9, 14 (1st Cir. 2008) (conspiracy claims implicating, *inter alia*, indispensable party who was alleged central conspirator and subject of "nearly identical" claims in State action); *Guthrie Clinic Ltd. v. Travelers Indemnity Co. of Il.*, 104 Fed. Appx. 218, 2004 WL 1465688, at *3 (3d Cir. Jan. 29, 2004) (concerned indispensable party broker where complaint alleged facts seeking to attach liability with respect to party's brokerage of specific policy).

Finally, this Court should not countenance Pepper's attempts to argue that the interests of the courts and the public in efficient settlement of controversies render it an indispensable party.

17

Leaving aside Pepper's status as a stranger to the indemnification dispute between ERII and Westport, this Court already considered, and rejected, the efficiency argument when it considered, and denied, Westport's earlier motion to stay this action.

## CONCLUSION

For the reasons stated, Pepper's suggestion of lack of subject matter jurisdiction and motion to intervene in this action and to dismiss should be denied.

Dated: New York, New York
      June 6, 2008

                   KORNSTEIN VEISZ WEXLER & POLLARD, LLP

                   By: *William B. Pollard III*

                       William B. Pollard, III
                       Catherine M. Irwin
                       Amy C. Gross

                       757 Third Avenue, 18th Floor
                       New York, New York 10017
                       (212) 418-8600
                       Attorneys for Plaintiff-Respondent
                       Executive Risk Indemnity Inc.

18