

FOUNDERS
William P. Bila
Robert P. Conlon
Edward P. Gibbons
Celeste M. King
Gary L. Lockwood
Paul F. Matousek
David E. Walker
Mark D. Wilcox

June 16, 2008

Joyce F. Noyes

312.224.6710
jnoyes@wwmlawyers.com

**VIA HAND DELIVERY**

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

Re:   Executive Risk Indemnity, Inc. v. Westport Insurance Corporation
      Case No. 08 CIV. 1822 (DLC/AJP)

Dear Hon. Judge Cote:

We write on behalf of Defendant Westport Insurance Corporation ("Westport") in regard to the captioned matter (08 Civ. 1822). Pepper Hamilton LLP ("Pepper") filed a Motion to Intervene and/or Dismiss on May 16, 2008 ("Motion"). Plaintiff Executive Risk Indemnity Inc. filed an Opposition to Pepper's Motion on June 6, 2008 and Pepper filed its reply memorandum on June 13, 2008. Westport did not file any papers in regard to Pepper's Motion.

We write to object to certain comments regarding Westport's position in this matter which Pepper made in its reply memorandum. Specifically, Westport objects to Pepper's statement on page 1 of its Reply Memorandum of Law in Support of Its Suggestion of Lack of Subject Matter Jurisdiction and, Alternatively, Its Motion to Intervene And To Dismiss: "Having now considered Pepper's motion, Westport concedes that its removal of the action from state court was not appropriate, and does not oppose Pepper's motion to dismiss the action for lack of subject matter jurisdiction, or alternatively to remand it back to state court, where it belongs."

Pepper's allegation, that Westport "concedes that its removal of the action from state court was not appropriate," has absolutely no basis in fact and is not true. Accordingly, Westport requests that the Court disregard this sentence and strike same from Pepper's Reply.

Westport's position from the initiation of this lawsuit has been and continues to be that its removal of this case to this Court was entirely appropriate and proper; Westport has not changed its position. Under the Federal rules and applicable case law, Westport, as a defendant who was

Honorable Denise Cote
June 16, 2008
Page 2

sued in state court, had the absolute right to remove this case to federal court because federal jurisdiction attached.

Plaintiff Executive Risk did not oppose Westport's removal and did not seek to remand the case back to state court. Nor has this Court remanded the case back to state court or made any other rulings to suggest that Westport's removal was anything but proper.

Westport has not advised Pepper or any other party that Westport has changed its position in regard to removal for the simple reason that Westport has not changed its position. Accordingly, Pepper has no basis to allege that Westport has "conceded" that its removal was anything other than appropriate and proper.

Westport thus respectfully requests that the Court disregard Pepper's statements regarding Westport's alleged "concession" and asks that this statement be stricken from Pepper's Reply brief.

Sincerely,

WALKER WILCOX MATOUSEK LLP

By: Joyce F. Noyes, Esq.

cc:   William B. Pollard III, Esq., via regular and electronic-mail
      Charles A. Gilman, Esq., via regular and electronic-mail

{File: 00063924.DOC /}